[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' FEBRUARY 28, 1994MOTION TO STRIKE THE COMPLAINT
The plaintiffs, Robert Werge and Walter Krauth, filed a ten-count complaint on July 19, 1993 against the defendants, Southern New England Telecommunications Corporation and Southern Nw [New] England Telephone Company. The plaintiffs allege that they were employed by the defendants as technicians and designated as "EMs." The plaintiffs allege that their supervisor, Mr. Pastor, informed them that no "EMs" would be retained in their geographical area. Werge had complete training to become an "EL" technician and Krauth had started the "EL" training program. Werge asked the defendants to change his designation to "EL," however, the defendants refused to do so. Relying on the statements of union officials and their supervisor that no "EMs" would be retained CT Page 5510 to work in their district, the plaintiffs accepted an early retirement plan. In 1993, the plaintiffs learned that younger employees were sent to their district as replacements and that other "EMs" were still working in the district.
Counts one through five involve claims by Werge and counts six through ten involve claims by Krauth. In counts one and six, the plaintiffs allege wrongful discharge. In counts two and eight, the plaintiffs allege intentional infliction of emotional distress. In counts three and nine, the plaintiffs allege negligent infliction of emotional distress. In counts four and seven, the plaintiffs allege breach of contract. In counts five and ten, the plaintiffs allege age discrimination and violations of General Statutes § 46a-60, the Fair Employment Practices Act (FEPA).
On October 4, 1993, the defendants previously moved to dismiss the complaint on the ground that the court lacked subject matter jurisdiction over the action. The defendants then argued that the plaintiffs' claims were both preempted by the LRMA and barred under the FEPA. The court denied the motion to dismiss without a written opinion. No motion for articulation was filed.
On February 28, 1994, the defendants filed the current motion to strike the entire complaint. Pursuant to Practice Book § 155, the defendants filed a memorandum in support of the motion. The plaintiffs have timely filed memoranda in opposition to the motion.
The purpose of a motion to strike is "to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding upon a motion to strike, the court shall construe the facts alleged most favorably to the pleader. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
Wrongful Discharge
CT Page 5511
"[T]he doctrine of wrongful discharge . . . provides a common law cause of action in tort for wrongful discharge `if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.'" (Emphasis in original.) Tomlinson v. Board of Education, 226 Conn. 704,729, 629 A.2d 333 (1993), quoting Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980). "`The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated.'" Atkins v. Bridgeport HydraulicCo., 5 Conn. App. 643, 648, 501 A.2d 1223 (1985), quoting Wehrv. Burroughs Corporation, 438 F. Sup. 1052, 1054 (E. D. Pa. 1977). "[T]he public policy against age discrimination [is] adequately enforceable through statutory remedies and [does] not warrant judicial recognition of an independent cause of action." Atkins v. Bridgeport Hydraulic Co., supra. See alsoSullivan v. Board of Police Commissioners, 196 Conn. 208,491 A.2d 1096 (1985) (age discrimination can be redressed through the federal Age Discrimination in Employment Act, 29 U.S.C, § 621 et seq. and the state Fair Employment Practices Act, General Statutes § 46a-51 et seq.).
In the present case, the plaintiffs allege that they were wrongfully discharged on the basis of their age. Based upon this analysis, since statutory remedies exist, the plaintiffs cannot sustain an independent common law cause of action for wrongful discharge. Therefore, the motion to strike as to counts one and six is granted.
Intentional/Negligent Infliction of Emotional Distress
The Workers' Compensation Act, General Statutes § 31-284
et seq. (WCA) "provides the exclusive remedy to employees seeking compensation for work related injuries or death from such injuries where (1) the plaintiff was an employee of the defendant, (2) the plaintiff suffered a personal injury and (3) the injury arose out of and in the course of the plaintiff's employment." (Citations omitted.) Fulco v.Norwich Roman Catholic Diocesan Corporation, 27 Conn. App. 800,807, 609 A.2d 1034 (1992). "A special defense, and not a motion to strike, is the proper procedural vehicle to CT Page 5512 challenge the plaintiff's complaint on the ground that it is barred by the exclusivity provisions of the Workers' Compensation Act." Cecere v. LaBonne's Epicure, Inc.,8 Conn. L. Rptr. 465 (March 11, 1993, Wagner, J.), citing Grant v.Bassman, 221 Conn. 465, 473, 604 A.2d 814 (1992).
In the present case, the defendants have moved to strike counts two, three, eight and nine on the ground that the WCA bars the claims. The defendants must plead this challenge as a special defense. Therefore, the motion to strike as to counts two, three, eight and nine is denied.[1]
 Breach of Contract
The Labor Relations Management Act, (LRMA) states:
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction over the parties. . . ."
29 U.S.C. § 185(a). "[A] suit in state court alleging a violation of a provision of a labor contract must be brought under [the LRMA] and be resolved by reference to federal law. A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." Allis-Chalmers Corporation v. Lueck, 471 U.S. 202,210, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). "[Q]uestions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort." Id., 211.
In the present case, the defendants argue that counts four and seven are totally preempted by the LRMA. This argument was raised by the defendants on an earlier motion to dismiss. The court, by way of an order dated November 23, 1993, denied the motion to dismiss.
"Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is CT Page 5513 of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. State v.Hoffler, 174 Conn. 452, 462-63, 389 A.2d 1257 (1978); State v.Mariano, 152 Conn. 85, 91-92, 203 A.2d 305 (1964), cert. denied, 380 U.S. 943, 85 S.Ct. 1025, 13 L.Ed.2d 962
(1965)." Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066
(1982).
The motion to strike as to counts four and seven is, therefore, denied based upon the law of the case. SeeRosenblit v. Danaher, 206 Conn. 125, 133 (1988).
Age Discrimination
General Statutes § 46a-82 (formerly § 31-127) provides that "[a]ny complaint filed pursuant to [the Fair Employment Practices Act] must be so filed within one hundred and eighty days after the alleged act of discrimination. . . ." The court in Veeder-Root Co. v. Commission on Human Rights Opportunities, 165 Conn. 318, 334 A.2d 443 (1973), "established that the limitation period of General Statutes [§ 46a-82] acted as a limitation on the remedy rather than a limitation on time one can bring a cause of action. Thus, under General Statutes [46a-82], the maximum period for which one can recover for past acts of discrimination is 180 days preceding the filing of the complaint." (Emphasis in original) State v. Commission on Human Rights Opportunities, 211 Conn. 464, 472, 559 A.2d 1120 (1989). Therefore, "rather than acting as a complete bar to the complaint, the limitation period serve[s] as a `bar to recovery of back pay' before the [180] day period prior to the complaint." Id., 472-73, quoting Veeder-Root Co. v.Commission on Human Rights Opportunities, supra, 332.
In the present case, the defendants argue that since the plaintiffs were discharged on July 19, 1991 and the complaint was filed more than, 180 days after the discharge, the plaintiffs are barred from bringing their claims. Since under these cases the 180 day limitation period applies only to the amount of damages the plaintiffs will recover, the plaintiffs are not barred from bringing their claims. Therefore, the motion to strike as to counts five and ten is denied.[2]
Leuba, J. CT Page 5514