[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff in this case claims to have been wrongfully discharged by the defendants. Her complaint consists of four counts, but only two of those counts are before me. The third count, which the plaintiff entitles "Negligent Performance Appraisal," alleges that the defendants negligently conducted the plaintiff's periodic reviews in not telling her that her discharge was being considered. The fourth count, which the plaintiff entitles "Public Policy Wrongful Termination," alleges that the plaintiff was discharged for reporting various OSHA and Civil Rights Act violations that she claims the defendants committed. The defendants have moved to strike each of these counts. These claims must be considered in turn.
Our Supreme Court recognized in Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 427 A.2d 385 (1980), that a common CT Page 203 law cause of action in tort exists for the discharge of an at will employee "if the former employee can prove a demonstrablyimproper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Id. at 475. (Emphasis in original.) The court has subsequently "expressly refused to enlarge the circumstances under which an employee at will may successfully challenge his dismissal beyond the situation where the reason for his discharge involves impropriety derived from some important violation of a public policy." Morris v. Hartford Courant Co., 200 Conn. 676, 679 n. 2,513 A.2d 66 (1986). Thus, in Morris, it was held that "[a] false but negligently made accusation of criminal conduct as a basis for dismissal is not a `demonstrably improper reason for dismissal' . . . and is not `derived from some important violation of public policy.'" Id. at 680 (quoting Sheets, supra,179 Conn. at 475).
"Allowing negligence . . . claims against employers in employee discharge situations would vastly alter the common law scheme." Salazar v. Furr's. Inc., 629 F. Sup. 1403, 1410 (D.N.M. 1986). The reasoning of cases like Sheets and Morris does not encompass the common law tort action asserted in the plaintiff's third count. The specific tort of "Negligent Performance Appraisal" claimed by the plaintiff finds no basis in the common law. The law has not recognized a duty in this setting distinct from the duties that may inhere in the contract of employment itself. Brewster v. Martin Marietta Aluminum Sales, Inc.,378 N.W.2d 558, 569 (Mich.Ct.App. 1985). For this reason, the motion to strike the third count must be granted.
The defendants' motion to strike the fourth count contends that the plaintiff has failed to plead exhaustion of administrative remedies and that the failure to so plead deprives the court of jurisdiction to hear that count. In deciding this narrow issue, the court is limited to the well pleaded facts of the plaintiff's complaint. Butzgy v. Town of Glastonbury,203 Conn. 109, 121, 523 A.2d 1258 (1987).
The fourth count contains multiple allegations. The defendants are dentists. The plaintiff alleges that one of the defendants violated OSHA regulations by using bloody surgical gloves in unapproved ways. She claims to have reported this violation to an investigator employed by the Connecticut State Dental Association. In addition, the plaintiff claims that she complained to the defendants about their alleged instructions to CT Page 204 discard African American and Hispanic employment applications — a practice that she contends violated various state and federal civil rights statutes. If any of these allegations sets forth a cause of action that the court has jurisdiction to hear, the motion to strike this count must fail.
It is clear that the plaintiff's claim that she was fired for complaining of the defendants' civil rights violations constitutes an allegation that there was "a demonstrably improper
reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets, supra,179 Conn. at 475. The defendants do not claim otherwise. They do
claim that the plaintiff has failed to plead exhaustion of administrative remedies, but it is exceedingly difficult to see just what administrative remedies would be available to her in this situation. This is not a case like Atkins v. BridgeportHydraulic Co., 5 Conn. App. 643, 501 A.2d 1223 (1985), cited by the defendants, in which a plaintiff claims that he has been fired because of his own race. In such a case, Atkins holds, administrative remedies are available and must be exhausted prior to bringing a Sheets claim in court. The plaintiff's claim here is quite different. It is that she was fired for complaining about the violations of the civil rights of others. This is not a claim for which she has an obvious administrative remedy. She does, on the other hand, have an established common law right of action under Sheets. The court has jurisdiction to hear this matter.
Because the plaintiff's allegations that she was discharged for complaining of the defendants' civil rights violations state a cognizable claim, it is unnecessary to consider the alleged OSHA violations also complained of in the fourth count. The motion to strike the fourth count must be denied.
In conclusion, the motion to strike is granted as to the third count and denied as to the fourth count.