[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT
On June 6, 1995, the plaintiff, Judith Lavacca, filed a two count amended complaint against the defendants, K K Associates of Granby, Inc. and Michael Keating its president and manager arising out of the alleged unlawful termination of the plaintiff as a clerk in the defendants' drug store. The facts alleged in the amended complaint are as follows. From 1987 to March 25, 1994, the plaintiff was employed by the defendants as a clerk at the Granby Pharmacy; that in September, 1993, the plaintiff missed three weeks of work due to a job-related injury; that the plaintiff filed a claim for Workers' Compensation benefits on November 19, 1993; that on or about December 18, 1993, Keating received a notice scheduling an informal hearing for this claim to be held on January 7, 1994, and several days later, Keating told the plaintiff that she would not be permitted to work until her Workers' Compensation claim had been settled; that after several days, the plaintiff was allowed to return to work. The plaintiff further alleges that beginning during the week following receipt of the notice of claim, the defendants discriminated against the plaintiff in the terms and conditions of her employment by complaining about her filing the claim; disparaging, harrassing and treating her in an abusive manner in front of customers; and on or about March 7, 1994, reduced the plaintiff's work hours from 40 hours per week to 28 hours per week. CT Page 1044
In count one, the plaintiff claims that defendants' actions were taken in retaliation for the plaintiff's filing a Workers' Compensation claim in violation of General Statutes § 31-290a and claims damages for emotional distress, loss of salary and benefits and loss of earning capacity.
In count two, the plaintiff alleges that the defendants terminated her employment in violation of the policy publicly set forth in General Statutes § 31-226a and § 31-222 in retaliation for the plaintiff's filing a claim for unemployment compensation benefits.
Plaintiff further claims that she has exhausted her administrative remedies pursuant to General Statutes § 31-226a (b) and that these actions on part of the defendants were intentional and taken with an intent to harm the plaintiff or in reckless disregard of her rights.
-I-
On August 9, 1995, the defendants moved for summary judgment claiming as to count one, that the plaintiff is estopped from relitigating matters that were litigated and necessarily determined in the prior administrative proceedings in the General Statutes § 31-226a claim for wrongful termination for seeking unemployment compensation benefits. Plaintiff claims that during the administrative proceedings she did not argue that her hours had been reduced in retaliation for having filed a claim for unemployment compensation benefits, and that the defendants' reason for reducing her hours was not an issue which was necessarily determined in this case, even though the decision-maker issued findings of fact on this issue.
-II-
Summary judgment procedure is especially ill adapted to cases such as this where, the ultimate issue in contention involves a mixed question of fact and law.Spencer v. Good Earth Restaurant Corp. , 164 Conn. 194, 198, (1972). Despite the defendants' assertions to the contrary, it is clear that mixed questions of fact and law do exist regarding whether, under the doctrine of collateral estoppel, the plaintiff is barred from CT Page 1045 relitigating the issue of whether the defendants had a legitimate non-discriminatory reason for reducing the plaintiff's work hours because that issue was determined in the prior administrative decision. This court is unable to determine whether that issue was actually litigated at the administrative level. Defendants' motion for summary judgment as to count one is denied.
-III-
In support of their motion for summary judgment as to count two, the defendants argue that a common law cause of action for wrongful discharge in violation of public policy exists only where there is no statutory remedy provided and the employee would otherwise be without redress for the wrongful discharge citing Atkins v. Bridgeport HydraulicCompany, 5 Conn. App. 643 (1985). The defendants further claim that "the plaintiff initially had a choice of proceeding in Superior Court or before the Labor Commissioner, but not both. Having elected the more expeditious administrative procedure under Section 31-226a (b) in favor of the alternative judicial forum, the plaintiff has made a binding election of remedies and is foreclosed from pursuing the same claim in the second count of the instant action." The plaintiff claims that notwithstanding the remedy provided by General Statutes § 31-226a, she has a common law cause of action for wrongful discharge and relies on the cases which have allowed employees to bypass the available statutory remedy and bring a common law wrongful discharge action based on public policy where the statutory remedy was deemed inadequate. Indeed, our Supreme Court has stated inSullivan v. Board of Police Commissioners, 196 Conn. 208,217, (1985). "Resort to administrative remedies is not required when the administrative remedy is plainly inadequate."
There is a split of authority in the Connecticut Superior Courts as to whether Atkins forbids a common-law remedy where a statutory remedy exists, no matter the extent of the remedy available within the statute, or whether Atkins allows a common-law remedy to be pursued where the statutory remedy available is inadequate to compensate the plaintiff's injuries. Cases denying a common-law remedy are listed in Faulkner v. SikorskyCT Page 1046Aircraft, 11 Conn. L. Rptr. 256 (Apr. 6, 1994, Corradino, J.). On the other hand, there are several superior court decisions permitting a common-law remedy, see, e.g., Millerv. Alpha Systems, Inc., 13 Conn. L. Rptr. 517 (Feb. 24, 1995, McDonald, J.) and Wall v. Wassau Insurance Co.,12 Conn. L. Rptr. 335 (Apr. 19, 1994, Hadden, J.).
Summary judgment is "ill adapted to cases of a complex nature or to those involving important public issues, which often need the full exploration of trial." United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 375, (1969). Based on the allegations in the complaint, we are unable to conclude that the plaintiff's claim for common law wrongful termination in violation of the public policy embodied in the unemployment benefits discrimination statute, General Statutes §§ 31-226a and 31-222 et seq., is precluded either because the plaintiff has a statutory administrative remedy or made a binding election of remedies by pursuing her administrative remedies.
Defendants' motion for summary judgment is denied as to count two.
WAGNER, J.