[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 22, 1997
Defendants have moved to dismiss the first nine counts of this ten-count action.
On June 21, 1996, the plaintiff filed a seven-count complaint against the defendants, Horizon Meat Seafood Distributors (Horizon) and Sean Courtney (Courtney) in connection with the plaintiffs employment at Horizon under the supervision of Courtney. In response to a request to revise, the plaintiff filed a revised, ten-count complaint on August 26, 1996. In her revised complaint the plaintiff alleged that while employed at Horizon and supervised by Courtney beginning in 1994, she was subjected to various forms of sexual harassment including the display of pornography, sexually demeaning comments, and offensive sexual touching.
The plaintiff alleges several common law causes of action. In counts one and two, the plaintiff alleges assault and battery against Courtney and Horizon, respectively. In count five, the plaintiff alleges negligent misrepresentation against Horizon. In counts six and seven, the plaintiff alleges intentional infliction of emotional distress against Horizon and Courtney, respectively. In counts eight and nine, the plaintiff alleges negligent infliction of emotional distress against Horizon and Courtney, respectively. The plaintiff also alleges in count three that Horizon violated General Statutes § 46a-60 et seq., which forbids discriminatory employment practices. In count four, the plaintiff alleges wrongful termination against Horizon. CT Page 3720
Horizon and Courtney ("the defendants") filed a motion to dismiss counts one through nine on September 25, 1996 on the ground of lack of subject matter jurisdiction. The defendants argue that each claim contained in counts one through nine is an attempt to allege sexual harassment in the form of a common law claim and that any claim of sexual harassment must be filed with the Commission on Human Rights and Opportunities (CHRO) pursuant to General Statutes § 46a-82. The defendants contend that by not filing with the CHRO, the plaintiff has failed to exhaust her administrative remedies, thus depriving the court of subject matter jurisdiction.
"[T]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018
(1995).
The defendants argue that "[e]ach claim in Counts One through Nine is an effort to present some aspect of the claim of sexual harassment in the thin disguise of a common law cause of action. However, the plaintiffs failure to exhaust her administrative remedies deprives the trial court of jurisdiction to entertain these claims." (Defendant's Memorandum in Support, pp,4-5,.)[1] The defendants argue that counts one through nine are derived from a sexual harassment claim, which must be filed first with the CHRO. Specifcally, defendants argue that the plaintiffs third claim, brought under § 46a-60, must be filed with the CHRO despite the fact that some remedies may not be available. In addition, the defendants argue that the claim for wrongful discharge (count four) cannot be brought at common law as a violation of public policy because the plaintiff has a remedy under § 46a-60. The defendants also argue that recovery for negligent and intentional infliction of emotional distress (counts six through nine) is precluded by the exclusivity provisions of the Workers' Compensation Act.
The plaintiff argues that "exhaustion of the plaintiffs administrative remedies with respect to defendant Horizon Foods would be futile because the Connecticut Fair Employment Practices CT Page 3721 Act does not provide an adequate remedy for the plaintiffs claims and further, the plaintiffs allegations against defendant Courtney are appropriate as defendant Courtney is not an `employer' within the meaning of the statute." (Plaintiff's Memorandum in Opposition, p. 2.) Specifically, the plaintiff argues that common law causes of action are not preempted by the Fair Employment Practices Act (FEPA). The plaintiff also argues that she did not have to file her claims with the CHRO because the administrative remedies available are inadequate. Finally, the plaintiff contends that the Workers' Compensation Act specifically excludes recovery for emotional distress and therefore does not preclude counts six through nine.
With regard to Courtney, the plaintiff argues that Courtney is not covered by FEPA because he is not an employer. The term "employer" is defined in § 46a-51 as "any person or employer with three or more persons in his employ." General Statutes §46a-51 (10). As the defendants note, "a supervisor may not be held individually liable for a claim of sexual harassment," citing Martinez-Duffy v. DeJesus, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 545193 (May 1, 1996) (Wagner, J.; 17 CONN. L. RPTR. 64). If the plaintiff cannot file a claim against Courtney under FEPA, then the defendants' argument regarding exhaustion of administrative remedies is without merit. Thus, counts one, seven, and nine which allege common law causes of action against Courtney are not barred for failure to exhaust administrative remedies. As a result, the motions to dismiss the counts against Courtney, counts one, seven and nine are denied.
Even if FEPA were applicable to Courtney, however, the statute does not preclude plaintiffs from bringing common law claims based on the same facts which might give rise to a claim for sexual harassment under FEPA. "There is nothing in the FEPA statutes indicating that the administrative remedy provided therein preempts common-law actions and recovery of damages for tort claims arising out of the conduct which also gives rise to the complaints under FEPA." Paradise v. Times FiberCommunications, Inc., Superior Court, Judicial District of New Haven, Docket No. 238479 (June 27, 1986) (Hadden, J.; 1 CSCR 444,445). "There is no indication in the statute that the legislature intended to preempt the field of employment discrimination by requiring aggrieved persons to pursue only the statutorily prescribed remedies contained in Sec. 46a-51 et seq. To the contrary, there are many cases in which parties have brought CT Page 3722 common law claims in addition to claims under Sec. 46a-60."Shyrer v. Associated Pulmonologists of Western Connecticut,
Superior Court, Judicial District of Danbury, Docket No. 319434 (April 15, 1996) (Moraghan, J.; 17 CONN. L. RPTR. 539, 540).
Therefore, common law causes of action, such as tort claims, are not preempted by FEPA. See Rene v. The Institute, Inc.,
Superior Court, Judicial District of Danbury, Docket No. 325074 (December 3, 1996) (Moraghan, J.; 18 CONN. L. RPTR. 316);Chelstowski v. New Horizon Manufacturing, Superior Court, Judicial District of New Haven, Docket No. 248096 (August 18, 1987) (Schaller, J.; 2 CSCR 962). As a result, the motion to dismiss for failure to exhaust administrative remedies is denied with regard to the common law tort causes of action set forth in counts two, five, six, and eight against Horizon. The same rationale provides an additional basis for the already noted denial of dismissal of the Courtney counts (one, seven and nine).
Additionally, the Workers' Compensation Act does not preclude the plaintiff from bringing common law claims for negligent and intentional infliction of emotional distress (counts six through nine). First, exclusivity under the Workers' Compensation Act is properly asserted as a special defense and does not raise a question of jurisdiction. Cross v. Nearine, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995) (Wagner, J.). Furthermore, "[e]ffective July 1, 1993 . . . the legislature expressly excluded from the scope of the Workers' Compensation Act a personal injury that is "[a] mental or emotional impairment which results from a personnel action, including, but not limited to, a transfer, promotion, demotion or termination." Luth v. Wal-MartStores, Inc., Superior Court, Judicial District of New Haven, Docket No. 358488 (August 18, 1995) (Hartmere, J.) (denying motion to strike negligent infliction of emotional distress count because of exclusivity provision of Workers' Compensation Act). Because the Act was amended prior to the plaintiffs hiring by Horizon, the plaintiffs emotional distress claims are excluded from the Workers' Compensation Act and the defendants' reliance on the exclusivity doctrine therein is misplaced in the effort to achieve dismissal of the emotional distress counts against both defendants (counts six through nine).
With regard to count three, alleging that Horizon violated FEPA, the motion to dismiss is denied. Although there is a split of authority within the superior court, the plaintiffs contention CT Page 3723 that the remedies are sufficiently inadequate to justify excusal from exhaustion requirements is persuasive.
The Connecticut Supreme Court has "recognized an exception to the exhaustion requirement where recourse to the administrative process is futile or provides an inadequate remedy . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." (Citations omitted.)Payne v. Fairfield Hills Hospital, 215 Conn. 675, 680 n. 3,578 A.2d 1025 (1990). There are no punitive damages or compensatory damages under FEPA. Bridgeport Hospital v. Commission on HumanRights and Opportunities, 232 Conn. 91, 102, 111, 653 A.2d 782
(1995).
The plaintiff argues that because she is asking for compensatory and punitive damages as well as costs. none of which the CHRO can award, she falls under the exception to the exhaustion requirement.
Some trial courts "have determined that when a plaintiff seeks punitive damages the plaintiff must still proceed first with the CHRO before instituting a cause of action in the Superior Court even though the CHRO does not have the authority to award punitive damages. Rene v. The Institute, Superior Court, Judicial District of Danbury, Docket No. 325074 (December 3, 1996) (Moraghan. J.; 18 CONN. L. RPTR. 316, 318) (granting motion to dismiss statutory counts under FEPA for failure to exhaust administrative remedies). According to one Superior Court, "since the enactment of §§ 46a-100 and 46a-101, the case law conforms with the legislative intent that a complainant must first file a complaint with the CHRO and obtain a release if she wishes to bring the suit in civil court." Webb v. Ethan Allen, Inc.,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 147289 (February 23, 1996) (Karazin, J,)[2] See also Murphy v. Young, Superior Court, Judicial District of New Haven, Docket No. 244076 (November 22, 1995, Silbert. J.) ("While the remedies that would have been available to [the plaintiff at CHRO] might not have exhausted the full range of potential remedies that she may have wished to pursue, this is not necessarily the same thing as saying that the available remedies were `plainly inadequate' as a matter of law").
Conversely, several Superior Courts have held that, where a plaintiff seeks punitive damages, costs or compensatory damages CT Page 3724 not authorized by statute, the administrative remedy is inadequate. See, e.g., Griswold v. Blackburn Janitorial, L.C.C.,
Superior Court, Judicial District of New London, Docket No. 534256 (August 22, 1996) (Hurley, J.) (denying motion to dismiss because CHRO inadequate remedy where plaintiff seeks punitive damages, attorneys fees and costs); Dinegar v. University of NewHaven, Superior Court, Judicial District of New Haven, Docket No. 378256 (November 30, 1995) (Fracasse, J.) (compensatory and punitive damages, attorneys fees and costs, and injunctive relief); Cross v. Nearine, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 538675 (February 17, 1995) (Wagner, J.) (monetary and punitive damages); Devoid v.Mirror Polishing Plating Co., Superior Court, Judicial District of Litchfield, Docket No. 067949 (November 27, 1995) (Pickett, J.) (punitive damages); Seebeck v. McLaughlin Research Corp.,
Superior Court, Judicial District of New London, Docket No. 530884 (February 16, 1995) (Hendel, J.; 13 CONN. L. RPTR. 491, 492) (punitive damages); Stevens v. E.R. Champion Sons, Inc.,
Superior Court, Judicial District of New London, Docket No. 527449 (May 26, 1994) (Hurley, J.) (punitive damages).
Because the cases which find the limited remedies of the CHRO to be inadequate are more persuasive, the motion to dismiss count three is denied.
As regards count four, there is also a split of authority within the Superior Court over whether the common law cause of action of wrongful termination is precluded by a statutory remedy. Based on the reasoning of Atkins v. Bridgeport HydraulicCo., 5 Conn. App. 643, 501 A.2d 1223 (1985), the motion to dismiss count four is denied.
In Atkins v. Bridgeport Hydraulic Co., the court stated, "A cause of action for wrongful discharge is only recognized where public policy is clearly contravened . . . finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 648. CT Page 3725
"There is a split of authority in the Connecticut Superior Courts as to whether Atkins forbids a common-law remedy where a statutory remedy exists no matter the extent of the remedy available within the statute, or whether Atkins allows a common-law remedy to be pursued where the statutory remedy is inadequate to compensate the plaintiff's injuries." Bottino v.Brookside Automotive Distributors, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 326502 (October 4, 1996) (Ford, J.; 17 CONN. L. RPTR. 685) (granting motion to strike wrongful termination count because plaintiff has adequate statutory remedies under FEPA and ADA). See also Lavacca v. KKAssociates, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 537311 (January 30, 1996) (Wagner. J.) (discussing split of authority).
The court in Faulkner v. Sikorsky Aircraft, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 525080 (April 6, 1994) (Corradino, J.; 11 CONN. L. RPTR. 256, 258), expressed "some discomfort with Atkins and Wehr in that they make the unexamined and unexplained assumption that any statutory relief provided to the employee discharged in violation of public policy is ipso facto adequate to enforce that policy."Id. Yet it determined that "[w]hat does seem clear, however, is that Atkins requires that the [wrongful termination] counts of the complaint be dismissed." Id.
Another Superior Court, however, has noted that "the Supreme Court of Connecticut expressed no limitation on the right to pursue a common law cause of action for wrongful discharge, other than the requirement that such a discharge be in violation of some important public policy." Joo v. Capitol Switch, Inc.,
Superior Court, Judicial District of Danbury, Docket No. 300920 (September 16, 1995) (Leheny, J.; 17 CONN. L. RPTR. 328) (denying motion for summary judgment on wrongful termination counts). Although this court must follow Atkins, Atkins should be interpreted to allow a common law claim for wrongful termination where no other adequate remedy exists.
In Atkins, the court discusses Sullivan v. Board of PoliceCommissioners, 196 Conn. 208, 491 A.2d 1096 (1985), and states that in Sullivan, "the public policy against age discrimination was adequately enforceable through statutory remedies and did not warrant judicial recognition of an independent cause of action." (Emphasis added.) Id., 648. The inclusion of the word "adequately" implies that where a statutory remedy does not CT Page 3726 adequately enforce a public policy against wrongful termination, a common law cause of action is permissible.
Here, as discussed, supra, with regard to count three, the remedies available before the CHRO are not adequate to redress the damages claims well pleaded. Because the public policy against sexual harassment cannot always be adequately enforced under FEPA, a common law claim for wrongful termination should be allowed where money damages are sought without the appearance of frivolity or intention to merely circumvent the Commission. SeeRood v. Canteen Corp., Superior Court, Judicial District of Tolland at Rockville, Docket No. 058263 (September 19, 1996) (Potter, J.; 17 CONN. L. RPTR. 609) (allowing common law wrongful discharge claim because § 46a-86 does not provide adequate remedy for sexual orientation discrimination); Miller v. AlphaSystems, Inc., Superior Court, Judicial District of Waterbury, Docket No. 117227 (February 24, 1995) (McDonald, J.;13 CONN. L. RPTR. 516) (allowing common law wrongful discharge claim because § 51-247a does not provide adequate remedy for termination due to jury duty); Wall v. Wausau Insurance Co., Superior Court, Judicial District of New Haven, Docket No. 343318,12 CONN. L. RPTR. 335 (August 19, 1994) (Hadden, J.) (same).[3]
The motion to dismiss count four is denied.
NADEAU, J.