MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR POST TRIAL RELIEF (#126) AND DEFENDANT'S MOTION TO SET ASIDE VERDICT, NEW TRIAL OR REMITTITUR (#127, 127.01, 127.02)
On January 28, 1999, the jury rendered its verdict in favor of the plaintiff, Jeanne G. Collier, on the first and third counts of her complaint. In so doing, the jury found that the defendant, the State of Connecticut Department of Public Safety, discriminated against the plaintiff on the basis of her age and in retaliation for the plaintiff's earlier filing of an age discrimination complaint, in violation of the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-60 et seq. and the Age Discrimination in Employment Act (ADEA), CT Page 651929 U.S.C. § 621 et seq. The jury awarded $50,000.00 on the age discrimination claim and $150,000.00 on the retaliation claim, for a total compensatory damage award of $200,000.00. In addition, the jury made a specific finding as to both counts that the defendant's discriminatory actions were willful.
 I. plaintiff's Motion for Post Trial Relief (#126)
The plaintiff's Motion for Post Trial Relief seeks post trial relief on five separate grounds. The court will address each in turn.
 A. Back Pay
The plaintiff seeks an award of back pay in the amount of $8,477.29, which represents back wages from the date of the provisional appointment on January 6, 1995. The defendant, in its Objection to Post Trial Relief (#129) and Supplemental and Reply Brief Objecting to plaintiff's Claims for Relief (#131) claims that the plaintiff's back pay award should be limited to $4,134.11, from the date of the permanent appointment on December 4, 1995. The defendant claims that, because the plaintiff's claim regarding the provisional appointment was not made to the Equal Employment Opportunity Commission (EEOC) and the State of Connecticut Commission on Human Rights and Opportunities (CHRO), it is time barred. In response, the plaintiff argues that the defendant has waived its claim that back pay to the date of the provisional appointment is time barred because it failed to raise this defense in a special defense.
"Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is as a limitation on the liability itself, and not of the remedy alone. . . . The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived. . . ." (Citations omitted; internal quotation marks omitted.) Avon Meadow Condo. Assn.,Inc. v. Bank Boston Connecticut, 50 Conn. App. 688, 699-700,719 A.2d 66, cert. denied, 247 Conn. 946, ___ A.2d ___ (1998). CT Page 6520
The time limitations of the ADEA and the CFEPA are contained within the statutes providing the right of action thereunder. Therefore, the limitations periods contained therein are jurisdictional and not subject to waiver. As a result the plaintiff's claim that the defendants have waived this issue by not pleading it as a special defense must fail.
The plaintiff's complaint to the CHRO was filed on January 24, 1996. (Plaintiff's Exhibit 48.) The CHRO complaint states that the unlawful discriminatory practice complained of began on "January 5, 1995 and continue[d] through December 6, 1995." The CHRO complaint further alleges facts regarding the provisional appointment as does the complaint to this court.
General Statutes § 46a-82(e) provides that "[a]ny complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination . . ." In State v. Commission on Human Rights Opportunities,211 Conn. 464, 559 A.2d 1120 (1989), the court considered this time limitation in connection with allegations of a continuing course of discrimination and a claim for back pay. Ultimately, the court held that the limitation period "acted as a limitation on the remedy rather than a limitation on the time one can bring a cause of action." Id., 472, citing Veeder-Root Co. v. Commission onHuman Rights Opportunities, 165 Conn. 318, 334 A.2d 443 (1973) This principle is known as the continuing violation principle.
In the present case, the plaintiff's CHRO complaint clearly alleges a continuing violation which began prior to the date of the provisional appointment. Since the CHRO complaint was filed on January 24, 1996, pursuant to General Statutes § 46a-82(e), the plaintiff is entitled to an award of back pay only from 180 days prior to January 24, 1996.
The plaintiff also prevailed on her federal ADEA claim. "The ADEA provides that, before an aggrieved person may initiate a private action, he or she must file with the EEOC a charge alleging unlawful age discrimination. 29 U.S.C. § 626(d). If the alleged acts of age discrimination occurred in a state that has enacted a law prohibiting age discrimination in employment and establishing an agency to grant or seek relief from such discrimination (deferral state), the aggrieved person must also file a signed written statement of the facts with the state agency. 29 U.S.C. § 633(b)." Joo v. Capitol Switch, Inc.,231 Conn. 328, 332, 650 A.2d 526 (1994). Because of the Provisions CT Page 6521 of the CFEPA, Connecticut is a deferral state.
The ADEA "also establishes the outside time limits within which the discrimination charge must be filed with the EEOC and the deferral state agency. `Such a charge shall be filed — (1) within 180 days after the alleged unlawful practice occurred; or (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.' 29 U.S.C. § 626(d)" Id., 333 n. 10. Since Connecticut is a deferral state, pursuant to the ADEA, the plaintiff is entitled to an award of back pay beginning on March 30, 1995, which is 300 days prior to January 24, 1996.[1]
Accordingly, since the plaintiff prevailed on both her CFEPA and her ADEA claims, the plaintiff is awarded back pay in the amount of $6454.86.[2] The plaintiff is not entitled to back pay beginning on the date of the provisional appointment, which is more than one year prior to the filing of her CHRO complaint. In addition, the plaintiff's pension benefits shall be adjusted to reflect the award of back pay beginning on March 30, 1995.
 B. Attorney's Fees
The plaintiff seeks an award of attorney's fees pursuant to General Statutes § 46a-104[3] and 29 U.S.C. § 216(b)[4] In support of her claim, the plaintiff's counsel has submitted Plaintiff's Memorandum of Law in Support of Motion for Attorney's Fees (#126.50) along with supporting affidavits, including the bill for legal services in the amount of $56,429.43. At the hearing on this motion, plaintiff's counsel submitted a supplemental bill for legal services rendered post trial through March 9, 1999 in the amount of $6,825.00. Therefore, the plaintiff seeks attorney's fees in the total amount of $63,254.43.
The court finds that the plaintiff is entitled to attorney's fees under both the CFEPA and the ADEA. The court has reviewed the motions and affidavits submitted in support of the plaintiff's claim for attorney's fees and finds the total amount of $63,254.43 to be a reasonable fee for the legal services rendered by the plaintiff's counsel in connection with this case. Plaintiff's counsel, Attorney Kathleen Eldergill, is a capable, CT Page 6522 experienced, highly skilled practitioner who has served her client well in this matter. Attorney Eldergill filed relevant memoranda, Requests to Charge and proposed jury interrogatories in connection with this trial. The plaintiff is hereby awarded her reasonable attorney's fees in the amount of $63,254.43 pursuant to General Statutes § 46a-104 and 29 U.S.C. § 216(b).
 C. Punitive Damages
Given the jury's finding of a willful violation, the plaintiff seeks punitive damages pursuant to the CFEPA in the amount of $63,254.43.[5]
The defendant, in opposition, argues that the plaintiff is not entitled to punitive damages because punitive damages are not specifically authorized in the CFEPA. Additionally, the defendant argues that, even if punitive damages are generally permitted in the CFEPA, the doctrine of sovereign immunity precludes the plaintiff from seeking punitive damages against this particular defendant.
In the CFEPA, the CHRO is precluded from awarding punitive damages but there is no case law that prohibits a court from awarding punitive damages and attorney's fees. See BridgeportHospital v. Commission on Human Rights Opportunities,232 Conn. 91, 653 A.2d 782 (1995); Cantavero v. Horizon Meat SeafoodDist., Superior Court, judicial district of Stamford, Docket No. 152918 (April 22, 1997, 19 Conn. L. Rptr. 333, Nadeau, J.) and authorities cited therein. In addition, the doctrine of sovereign immunity does not bar an award of punitive damages against this particular defendants Sovereign immunity is waived by the express statutory language found in General Statutes § 46a-51(10), which defines "employer" to include "the state and all political subdivisions thereof . . ."
A finding of a willful violation is a prerequisite to an award of punitive damages. Markey v. Santangelo, 195 Conn. 76,77, 485 A.2d 1305 (1985). "[I]n Connecticut punitive damages are to be measures by the reasonable attorney's fees and costs." Fordv. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,59 n. 4, 578 A.2d 1054 (1990). Accordingly, pursuant to the CFEPA, the plaintiff is awarded punitive damages in the amount of $63,254.43 for the willful violations by the defendant as found by the jury on the first and third counts of the plaintiff's complaint. CT Page 6523
 D. Liquidated Damages
In addition, the plaintiff seeks liquidated damages pursuant to the ADEA. specifically, the plaintiff seeks an award in the amount of the back pay award and an additional sum in the amount of $150,000.00, representing a doubling of the compensatory damages for the retaliation. The plaintiff claims to be entitled to this award because of the jury's finding of willful violations on the part of the defendant. The defendant opposes any award of liquidated damages in excess of an amount equal to the back pay award.
The jury's finding that the defendant acted willfully does entitle the plaintiff to liquidated damages pursuant to the ADEA. Nevertheless, damages allowable, under the ADEA are limited to pecuniary loss and liquidated damages, if a willful violation is found, in an amount equal to the pecuniary loss. 29 U.S.C. § 626(b);Coston v. Plitt Theatres. Inc., 831 F.2d 1321 (7th Cir. 1987), vacated on other grounds, 486 U.S. 1020, 108 S.Ct. 1990,100 L.Ed.2d 223 (1988). "[L]itigants under the ADEA may not recover the broad range of compensatory damages for intangible elements of injury that characterize tort-type personal injury statutes, ADEA litigants cannot recover for either pain and suffering. . . . or for emotional distress. . . ." (Citations omitted.) Downey v. C.I.R., 33 F.3d 836, 839 (7th Cir. 1994). The damages contemplated by the ADEA, 29 U.S.C. § 626(b) are two fold. "First, it includes items of pecuniary or economic loss such as wages, fringe, and other job-related benefits. Second, it includes liquidated damages (calculated as an amount equal to the pecuniary loss) which compensate the aggrieved party for nonpecuniary losses arising out of a willful violation of the ADEA." Coston v. Plitt Theatres Inc., supra, 831 F.2d 1329-30, quoting H.R. Rep. No. 950, 95th Cong., 2d Sess. 13, reprinted in 1978 U.S. Code Cong. Admin. News 504, 528, 535 (parenthetical expression in original). See also Paolitto v. John Brown E. C.,Inc., 953 F. Sup. 17, 20-22 (D.Conn. 1997), affirmed 151 F.3d 60,67-68 (2nd Cir. 1998).
Accordingly, given the jury's finding of willful conduct on the part of the defendant, the plaintiff is awarded liquidated damages under the ADEA in the amount of $6454.86 on her age claim and on her retaliation claim for a total award of $12,909.72.
The plaintiff is not entitled to an additional $150,000.00 in CT Page 6524 liquidated damages on the plaintiff's retaliation claim, which represents compensation for loss of enjoyment of life, humiliation and embarrassment. The jury was charged pursuant to instructions which were agreed to by all counsel and to which there were no exceptions taken, specifically not to consider any back pay that the plaintiff may have lost in calculating their damage award. As such the $150,000.00 award represents non-pecuniary losses which are not to be used in calculating a liquidated damage figure under the ADEA.
 E. Prejudgment Interest
Finally, the plaintiff seeks prejudgment interest under the ADEA on the plaintiff's back pay award at the rate of 10%, pursuant to General Statutes § 37-3b, through March 6, 1999. The defendant maintains that prejudgment interest is not authorized by the ADEA.
"[I]n ADEA cases prejudgment interest may not be awarded where liquidated damages are also awarded." Coston v. PlittTheatres, Inc., supra, 831 F.2d 1337. Since the plaintiff has been awarded liquidated damages pursuant to the ADEA, the plaintiff is not entitled to prejudgment interest.
 F. Conclusion
In conclusion, as to the plaintiff's Motion for Post Trial Relief (#126), in addition to the $200,000.00 in compensatory damages awarded by the jury, the plaintiff is awarded back pay in the amount of $6,454.86 pursuant to the CFEPA and the ADEA. The plaintiff's pension benefits shall be adjusted accordingly. The plaintiff is also awarded her reasonable attorney's fees in the amount of $63,254.43, pursuant to the CFEPA and the ADEA. Additionally, the plaintiff is awarded punitive damages in the amount of $63,254.43 pursuant to the CFEPA. Finally, the plaintiff is awarded liquidated damages on her age claim and on her retaliation claim pursuant to the ADEA for a total award of $12,909.72. The plaintiff's requests for prejudgment interest is hereby denied.
 II. Defendant's Motion to Set Aside Verdict, New Trial or Remittitur (#127, 127.01, 127.02)
The verdict in this case was accepted on January 28, 1999. The defendant's above captioned, combined motion was filed on CT Page 6525 February 26, 1999. Practice Book § 16-35 provides that such motions "must be filed with the clerk within 10 days after the day the verdict is accepted; provided that for good cause the judicial authority may extend this time." The defendants motion was untimely. Nevertheless, the plaintiff did not raise this issue and it is therefore waived. Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 108 n. 3, 544 A.2d 170 (1988).
 A. Defendant's Motion to Set Aside Verdict (#127)
The defendant claims that the evidence was insufficient to support the jury's verdict, that the court erred in allowing evidence regarding discrimination prior to the effective date of the Stipulated Agreement, and that the damages awarded by the jury were excessive.
The court finds that the verdict and damage award is reasonably supported by the evidence, and the jury could and did reasonably and legally reach their conclusion. "Litigants in a civil case have a constitutional right to have [questions] of fact decided by a jury." (Internal quotation marks omitted.)Beizer v. Goeppfert, 28 Conn. App. 693, 703, 613 A.2d 1336
(1992). The court will not disturb the conclusions reached by the jury. Accordingly, the Motion to Set Aside Verdict (#127) is hereby denied.
 B. Defendant's Motion for New Trial (#127.01)
"Any motion for a new trial is addressed to the sound discretion of the trial court and will not be granted except on substantial grounds." Burr v. Lichtenheim, 190 Conn. 351, 355,460 A.2d 1290 (1983). The motion for a new trial is used to assert the ground of newly discovered evidence. Id.
The defendant does not claim any newly discovered evidence. Accordingly, the Motion for New Trial (#127.01) is hereby denied.
 C. Motion for Remittitur (#127.02)
As previously noted, the parties in a civil case have a constitutional right to a jury's determination as to questions of fact. Beizer v. Goepfert, supra. The court finds the jury's award of compensatory damages in the total amount of $200,000.00 to be "a fair appraisal of compensatory damages . . ." Buckman v.People Express, Inc., 205 Conn. 166, 177, 530 A.2d 596 (1987). CT Page 6526
Accordingly, the defendant's Motion for Remittitur (#127.02) is hereby denied.
It is so ordered.
BY THE COURT:
ARENA, J.