[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: NOTION TO STRIKE AMENDED COMPLAINT NO. 104
The plaintiff, Carol Pulliam, brings this action to recover for the alleged wrongful termination of her employment and breach of her contract of employment by the defendant, Bridgeport Hospital. The plaintiff's original complaint which was filed on February 23, 1995 was stricken in its entirety by the court, Hauser, J., on April 4, 1995.
On April 6, 1995 the plaintiff filed an amended four-count complaint. In the first count the plaintiff alleges that an employee manual issued by the defendant created an implied contract between the plaintiff and the defendant, and that the defendant breached that contract when it terminated the plaintiff. In the second count the plaintiff alleges that she was wrongfully discharged in retaliation for her filing a complaint with the Connecticut Commission on Human Rights and Opportunities. In the third count the plaintiff alleges that the defendant, in terminating her employment, breached its implied duty of good faith and fair dealing. In the fourth count the plaintiff asserts a claim for intentional infliction of emotional distress.
On April 12, 1995 the defendant filed a motion to strike (#104) the amended four-count complaint and a supporting memorandum of law. On April 27, 1995 the plaintiff filed an "objection" to the motion to strike and a memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint," which must be construed in the light most favorable to the plaintiff. (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
In support of its motion to strike the first count of the amended complaint the defendant argues that the plaintiff's breach of contract claim is legally insufficient because the plaintiff fails to identify the terms of the alleged contract in which the defendant promised to discharge the plaintiff only for good cause. The plaintiff argues that an employee manual that was issued by the defendant to the plaintiff constitutes an implied contract, and that the defendant breached the CT Page 5878 contract by discharging the plaintiff without allowing her to avail herself of the grievance procedures contained in the employee manual.
To prevail on a wrongful termination claim based on the existence of an implied agreement between the parties, the plaintiff must plead (and subsequently prove) "that [the defendant] had agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment to him under which he could not be terminated without just cause. . . ." Barry v. Posi-Seal International, Inc., 36 Conn. App. 1, 5,647 A.2d 1031 (1994). In the present case the plaintiff has failed to allege that the defendant, either through its employee manual or otherwise, agreed that it would only terminate the plaintiff for good or just cause.[1] In the absence of such an allegation, allegations of a breach of an implied contract to engage in certain grievance procedures prior to termination would not give rise to a legally cognizable cause of action for either wrongful termination or breach of contract, as the plaintiff would still be an employee at will subject to termination "for good cause, for no cause or even for cause morally wrong. . . ." Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 563, 479 A.2d 781 (1984). Therefore, the defendant's motion to strike the first count of the amended complaint is granted on the ground that this count fails to state a legally sufficient cause of action.
The defendant moves to strike the second count on the ground that the plaintiff fails to allege the necessary elements of a wrongful discharge claim, and because the plaintiff has failed to exhaust her administrative remedies. The plaintiff has not raised an argument in opposition to the defendant's motion to strike the second count. Upon review, the plaintiff's second count is legally insufficient because her remedy is to pursue her complaint with the Commission on Human Rights and Opportunities and the plaintiff has not exhausted her administrative remedy. Atkins v. Bridgeport Hydraulic, 5 Conn. App. 643, 647-48,501 A.2d 1223 (1985). While the claim that the plaintiff failed to exhaust her administrative remedies contests the court's subject matter jurisdiction and is usually raised by a motion to dismiss; SchoolAdministrators Assn. v. Dow, 200 Conn. 376, 380, 511 A.2d 1012 (1986); once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court regardless of the form of the motion. Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410
(1985). Accordingly, the court grants the defendant's motion to strike as to the second count of the amended complaint.
The defendant moves to strike the third count on the ground that a claim for breach of the implied covenant of good faith and fair dealing is not recognized in the context of an employment relationship, except CT Page 5879 where the reason for discharging the employee involves a violation of an important public policy. In response, the plaintiff contends that the implied contract created by the employee manual gives rise to an implied duty of good faith and fair dealing on the part of the defendant.
In Magnan v. Anaconda Industries, Inc., supra, 193 Conn. 558, the court stated that "[w]hile we see no reason to exempt employment contracts from the implication of a covenant of good faith and fair dealing in the contractual relationship, we do not believe that this principle should be applied to transform a contract of employment terminable at the will of either party into one terminable at the will of the employee or for just cause." (Emphasis added.) Id. 568-69.
In the present case the plaintiff has not alleged that either an express or implied contract exists, either by virtue of the employee manual or otherwise, in which the defendant promised to discharge the plaintiff only for just cause. "We decline . . . to transform the requirement of good faith into an implied condition that an [at-will] employee may be dismissed only for good cause." Id., 571. The court went on to hold that:
 Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. . . . We see no reason presently, therefore, to enlarge the circumstances under which an at-will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves "impropriety . . . derived from some important violation of public policy."
(Citation omitted.) Id., 572. Thus, the third count is legally insufficient because the plaintiff has not alleged that the termination of her at-will employment contract involved a violation of public policy. Accordingly, the court grants the defendant's motion to strike the third count of the amended complaint.
The defendant moves to strike the fourth count of the amended complaint on the ground that the plaintiff's intentional emotional distress claim is barred by the exclusivity provisions of the Workers' Compensation Act. The defendant also contends that the plaintiff does not allege that the defendant engaged in the type of conduct which could be held to be extreme and outrageous. CT Page 5880
"Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225,267, 597 A.2d 807 (1991). The court declines to determine the outrageousness of the defendant's conduct in the context of the present motion to strike because such a determination would require the court to consider facts, evidence and inferences outside of the four corners of the amended complaint.
Nevertheless, the plaintiff alleges that the defendant's outrageous conduct occurred in January and February of 1994, during the course of the plaintiff's employment with the defendant, when the defendant allegedly disregarded the grievance procedures contained in its employee manual. (See ¶ 6.) Where the claimed emotional distress arises out of and in the course of the plaintiff's employment, the Workers' Compensation Act provides the exclusive remedy for the plaintiff's work-related injuries. General Statutes §§ 31-284(a), 31-293a; Saporoso v. Aetna Life Casualty Co., 221 Conn. 356, 366, 603 A.2d 1160 (1992). In the present case, the plaintiff's emotional distress claim is barred by the exclusivity provisions of the Workers' Compensation Act. Accordingly, the court grants the defendant's motion to strike the fourth count of the amended complaint.
In conclusion, the court grants the defendant's motion to strike as to the plaintiff's entire amended complaint.
BALLEN, JUDGE