[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to strike Counts One and Two of the plaintiff's Amended Complaint on the grounds that they are legally insufficient because they fail to state a cause of action upon which relief may be granted. Count One of the Amended Complaint alleges the wrongful discharge of plaintiff. Plaintiff has filed a Request to Amend and Amended Complaint which modify the allegations of the Second Count such that the defendant's motion to strike that count is no longer applicable.
The underlying facts are not in dispute. In rendering the following opinion, it is noted that the defendant stipulated in court that the plaintiff did not voluntarily terminate her employment with defendant, but was, in fact, discharged. The plaintiff was on a paid, approved maternity leave from her employment with defendant from July 23, 1993 until October 22, 1993. At the request of plaintiff, the leave was extended by agreement of both parties until February 28, 1994. On or about February 14, 1994, plaintiff again requested an extension of her leave. Defendant agreed to extend plaintiff's leave until March 28, 1994. Defendant sent a letter to the plaintiff stating that if she did not return to work on March 28, 1994 that she would be considered to have voluntarily terminated her employment. Plaintiff failed to return to work on March 28, 1994 and was consequently discharged from her employment with defendant. CT Page 13823
Plaintiff asserts that her dismissal violated various public policies. Plaintiff claims that the public policy against constructive discharge, "establishing a new workplace rule" and also the public policy encouraging family leave as set forth in state and federal statutes.
The common law cause of action for wrongful discharge, limiting the general right of the employer to terminate an employee at will, was recognized in Sheets v. Teddy,179 Conn. 471, 427 A.2d 385 (1980). The plaintiff in Sheets was a quality control director who was discharged in retaliation for his efforts to ensure that products met applicable labeling and licensing laws. 179 Conn. 471. However, the protection recognized in Sheets has been limited to cases where the complainant "was otherwise without remedy" and when "permitting the discharge to go unaddressed would leave a valuable social policy to go unvindicated." Atkins v. Bridgeport Hydraulic Company,5 Conn. App. 643, 648 (1985). Courts have recognized three basic areas of public policy for a wrongful discharge claim: refusal to perform an unlawful act, performing an important public obligation (such as jury duty) and exercising a statutory right or privilege (such as filing a worker's compensation claim). 69 Harvard L. Rev. 1931.
Plaintiff asserts that her termination violated the public policy against constructive discharge. However, plaintiff's own amended complaint states that she was terminated from her employment and the defendant so stipulated in court. Because there was no constructive discharge, no further analysis is necessary.
Plaintiff next cites regulations promulgated by the Connecticut Department of Labor as the basis for a violation of public policy. The first of these regulations cited is §31-236-18(2), which involves the definition of a "voluntary leaving." As held above, the plaintiff did not leave voluntarily thus this regulation is without relevance. Plaintiff also cites to § 31-236-22(a)(G), involving the definition of "sufficient cause" for an employee to leave suitable work. Again, this statute is without relevance.
Plaintiff's final contention is that her discharge violated the public policy encouraging family leave as set forth in state and federal statutes. Defendant allowed the plaintiff to take a CT Page 13824 paid family leave from July 23, 1993 until October 22, 1993 and further allowed that leave to continue (unpaid) until March 28, 1994. Defendant first argues that no public policy was violated. The Connecticut Family and Medical Leave Act entitles employees to 16 weeks of family leave in any two year period. Conn. Gen. Stat. § 31-51cc. The Federal Family and Medical Leave Act entitled employees to take a total of 12 weeks of family leave during any 12 month period. 29 U.S.C. § 2612.
Certainly this court agrees with the intentions and purpose of the Conn. Family and Medical Leave Act. However, the underlying factual basis here, especially the numerous extensions by the employer, fully complies with the spirit, if not letter, of the public policy and law.
Additionally, defendant argues that an alleged violation of this public policy has an alternative remedy and is therefore precluded from adjudication in this forum. Atkins,5 Conn. App. 643. Here the plaintiff has an alternative remedy available in which to address her alleged grievance.
The Motion to strike is granted.
Norko, J.