[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 4, 1996
On December 29, 1995, the plaintiff, Duane Bottino, filed a seven-count revised complaint against the defendants, Brookside Automotive Distributors, Inc. (Brookside) and Michael Pulver, CT Page 6273 alleging violation of the Americans with Disabilities Act (ADA), violation of General Statutes § 46a-58, breach of an implied contract, negligent infliction of emotional distress. promissory estoppel, breach of the implied covenant of good faith and fair dealing, and wrongful discharge. The plaintiff alleges in his complaint that he was employed by Brookside from January of 1991, to June of 1994, when he was terminated by Brookside and Pulver because of his physical disability, known as Labyrinthine Dysfunction, which the defendants refused to accommodate.
On January 12, 1996, the defendants filed a motion to strike counts six and seven of the plaintiff's complaint. The defendant moved to strike count six on the grounds that the implied covenant of good faith and fair dealing is not separate and distinct from the breach of contract claim in count three, and that there is no allegation of a contract between the plaintiff and Pulver. In the seventh count, the plaintiff alleged an implied contract. The defendants moved to strike the seventh count on the ground that wrongful discharge only applies to "at-will" employees, and that while the plaintiff alleges he was an "at-will" employee, he has failed to allege any violations of public policy for which there is no statutory remedy. The defendants also filed a memorandum of law in support of their motion. The plaintiff has not filed any memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The defendants contend that count six in which the plaintiff CT Page 6274 alleges a violation of the implied covenant of good faith and fair dealing is not separate and distinct from his claim of breach of an implied contract of employment. The court in Carbonev. Atlantic Richfield Co., 204 Conn. 460, 470, 528 A.2d 1137
(1987), stated that "we endorse the principle of good faith and fair dealing in employment contracts, the purpose of such an implied covenant is to fulfill the reasonable expectations of the parties . . . Where an employment contract is at will however, a party cannot ordinarily be deemed to lack good faith in exercising this right." Where a party sufficiently alleges the existence of an implied contract of employment a cause of action may also be alleged based on a violation of the implied covenant of good faith and fair dealing which arises from such a contract. See e.g., Redding v. Liberty Bank, Superior Court, judicial district of New London at New London Docket No. 531691 (May 22, 1995) (Hendel. J.); Paris v. Northeast Savings F.A., Superior Court, judicial district of Hartford/New Britain at Hartford. Docket No. 398144, 11 CONN. L. RPTR 575 (June 1, 1994) (Corradino, J.); Union Trust Co. v. 714 Main Associates, Superior Court, judicial district of New Haven at New Haven, Docket No. 312088 (January 6. 1993) (Healey S.T.R.); Settembri v. AmericanRadio Relay League, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 393198, 6 CONN. L. RPTR. 701 (March 27, 1992) (Schaller, J.). The plaintiff has alleged in count six that he had an implied contract of employment with Brookside giving rise to the implied covenant of good faith and fair dealing. However the plaintiff has not alleged the existence of any express or implied contract of employment between the plaintiff and Pulver. The defendants' motion to strike is denied as to Brookside and granted as to Pulver.
The defendants also argue that count seven is legally insufficient in that the plaintiff has alleged an implied contract while wrongful discharge only applies to "at-will" employees, and that statutory remedies exist for the public policies allegedly violated by the defendants.
"[T]he right to recover in tort for wrongful discharge extends only to employees at will." D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 211 n. 1,520 A.2d 217 (1987). The plaintiff has alleged in count seven that he had an implied contract of employment with Brookside therefore he is unable to recover in wrongful discharge because the plaintiff has not alleged that he was an at-will employee. CT Page 6275
Moreover, "[a] cause of action for wrongful discharge is only recognized where public policy is clearly contravened . . . A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract: remedy for employees discharged for reasons violative of public policy rely upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (citation omitted; internal quotation marks omitted.) Atkins v. BridgeportHydraulic Co., 5 Conn. App. 643 648, 501 A.2d 1223 (1985).
The plaintiff has alleged that the defendants have violated public policies embodied in General Statutes § 46a-58 and the ADA, which prevent employment discrimination based on physical disabilities. There is a split of authority in the Connecticut Superior Courts as to whether Atkins forbids a common-law remedy where a statutory remedy exists no matter the extent of the remedy available within the statute, or whether Atkins allows a common-law remedy to be pursued where the statutory remedy available is inadequate to compensate the plaintiff's injuries.Lavacca v. KK Associates, Superior Court, judicial district of Hartford/New Britain at Hartford. Docket No. 537311 (January 30, 1996) (Wagner J.). The plaintiff has adequate statutory remedies based upon General Statutes §§ 46a-58 and 46a-60 pursuant to General Statutes § 46a- 100 as well as the ADA, 42 U.S.C. § 12101, et. seq. Deura v. Greenwich Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029, 14 CONN. L. RPTR. 49 (April 10, 1995) (D'Andrea J.). Accordingly, the defendants motion to strike count seven is granted.
FORD, J.