[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 23, 1997
The plaintiff, Rebecca Barton, commenced this wrongful discharge action by service of process against the defendant, Connex International, on August 8, 1996. Count one alleges that the defendant unlawfully and wrongfully discharged the plaintiff based upon her mental and physical disabilities "in violation of the stated public policy of the State of Connecticut, as embodied in §§ 46a-60 (a)(1), 46a-60 (a)(4) and 46a-60 (a)(8) of the Connecticut General Statutes." Count one further alleges that the plaintiff has suffered lost wages and benefits, and "has been humiliated and embarrassed, has suffered mental anguish and has CT Page 3763 been compelled to accept employment for substantially lower pay." Count two alleges that an oral contract of employment existed, and, by its unlawful actions, the defendant "breached its implied covenant of good faith with respect to performance and enforcement of said employment contract."
On October 17, 1996, the defendant filed a motion to dismiss the complaint on the basis that the court lacks subject matter jurisdiction over the plaintiff's claim for wrongful discharge for breach of a public policy. The plaintiff filed an objection to the motion on October 31, 1996, and the defendant filed a reply to the plaintiffs objection on November 19, 1996.
Also, on October 31, 1996, the plaintiff filed a request to file an amended complaint, and the defendant filed an objection to the request to amend on November 14, 1996. The plaintiff filed a reply to the objection on December 11, 1996.
On January 6, 1997, this court heard oral argument on the plaintiffs objection to the motion to dismiss, and on the defendant's objection to the plaintiff's request to amend.
A. DEFENDANT'S MOTION TO DISMISS
The defendant argues that the court lacks subject matter jurisdiction over count one because in a "claim for wrongful discharge in violation of public policy, the Plaintiff must allege a specific, if not statutory, public policy which has been violated." In addition, the defendant maintains that count two must be dismissed because it is inextricably intertwined with the claims contained in the first count.
The plaintiff counters that a motion to dismiss is improper for challenging whether a complaint states a cause of action, that the court has jurisdiction over this action pursuant to General Statutes § 46a-100 et seq., and, finally, that the remedies available to the plaintiff through the Commission on Human Rights and Opportunities (CHRO) were inadequate because the plaintiff is claiming emotional distress.
"A motion to dismiss . . . properly attacks the jurisdiction of the court. essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original: internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, CT Page 3764590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
This court has jurisdiction over the plaintiff's action. The plaintiff commenced this action following the CHRO's issuance of a "Release to Sue."[1] The complaint, as previously set forth, alleges wrongful discharge in count one, and breach of an implied covenant of good faith in count two. Although the plaintiffs complaint does not allege statutory causes of action, "there are many cases in which parties have brought common-law claims in addition to claims under Sec. 46a-60." Shyrer v. AssociatedPulmonologists of Western Connecticut, Superior Court, judicial district of Danbury, Docket No. 319434, 16 CONN. L. RPTR. 539
(April 15, 1996).[2]
Accordingly, the court does not lack jurisdiction over the common law claims, and the court denies the defendant's motion to dismiss.
B. PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT
On October 31, 1996, the plaintiff filed a request to amend her complaint. The proposed amended complaint consists of four counts. Count one is a claim of discriminatory dismissal based upon General Statutes § 46a-60 (a)(1). Count two is a claim of retaliatory dismissal based upon § 46a-60 (a)(4). Count three is a claim of sexual harassment based upon § 46a-60
(a)(8). Count four is a common-law claim based upon the tort of negligent infliction of emotional distress. The defendant objects, arguing that all four of the plaintiff's "new" counts are time-barred because they have been filed outside of the ninety (90) day period following the CHRO release under §46a-101. The plaintiff responds that she has filed her complaint within the ninety (90) day time period, and that the proposed amended complaint relates back to the original complaint.
"The trial court has wide discretion in granting or denying amendments, and its determination will not be reversed absent an abuse of discretion." (Internal quotation marks omitted.) WebPress Services Corp. v. New London Motors, Inc., 203 Conn. 342,360, 525 A.2d 57 (1987). "Our jurisdiction generally follows a liberal policy in allowing amendments to complaints." Id.
The court must deny the request to amend as to counts one, CT Page 3765 two and three, which allege violations of §§ 46a-60 (a)(1),46a-60 (a)(4), and 46a-60 (a)(8), respectively. As previously indicated, the plaintiff filed her original complaint within the ninety (90) day period allowed from the issuance and receipt of the administrative release under § 46a-101 (e). However, the proposed amended complaint the plaintiff now seeks to file is far past this statutory time requirement. Thus. all of the statutory claims the plaintiff seeks to raise within her proposed amended complaint are time-barred as a matter of law, depriving the court of subject matter jurisdiction over the claims raised in counts one, two and three. See Shyrer v. Associated Pulmonologists ofWestern Connecticut, supra, Superior Court, Docket No. 319434,16 CONN. L. RPTR. 539, and cases cited therein. In Shyrer, the court, Moraghan, J., held that a plaintiffs failure to bring her § 46a-60 (a)(7) claim within ninety (90) days of the CHRO's release of jurisdiction deprived the court of subject matter jurisdiction.
The court will grant the request as to count four, the claim for negligent infliction of emotional distress. Count four realleges paragraphs one through twenty-eight of count one of the proposed amended complaint, and these paragraphs allege facts relating to the wrongful discharge claim contained in count one of the present complaint. The proposed amended complaint does not impact the viability of the remaining fourth count of the proposed amended complaint, which is rooted in the common law. See Shyrer v. Associated Pulmonologists of Western Connecticut,supra, Superior Court, Docket No. 319434, 16 CONN. L. RPTR. 539.
A split of authority exists among the judges of the Superior Courts concerning whether Atkins v. Bridgeport Hydraulic, Co.,5 Conn. App. 643, 501 A.2d 1223 (1985) prohibits a common-law remedy where a statutory remedy exists, no matter the extent of the remedy available within the statute, or whether Atkins allows the pursuit of a common-law remedy where the statutory remedy available is inadequate to compensate the plaintiffs injuries.[3] Lavacca v. K K Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537311 January 30, 1996), and cases cited therein.
However, there are many cases in which parties have brought common-law claims in addition to claims under Sec. 46a-60. See, e.g., Shyrer v. Associated Pulmonologists of Western Connecticut,supra, Superior Court, Docket No. 319434, 16 CONN. L. RPTR. 539. See footnote 2, supra. Here, the plaintiff has asserted a claim CT Page 3766 for emotional distress in count four of her proposed amended complaint. The plaintiff should be allowed to retain her common-law claim asserted in count four of her proposed amended complaint, considering the posture of this case, where the plaintiff could not have successfully brought such a claim before the CHRO,[4] and where the plaintiff has brought her claims to the Superior Court having exhausted all of her available administrative remedies. This common-law claim is independent of her time-barred statutory claims, and could have been brought at any time regardless of her election to seek redress from CHRO based upon claims under § 46a-60 et seq. Thus, there is no reason for the court not to allow the plaintiff to amend her original two count complaint to allege those grounds claimed in count four of the proposed amended complaint.
For the reasons set forth above, the court denies the defendant's motion to dismiss, and denies the plaintiff's request to file an amended complaint as to counts one, two and three, and grants the plaintiffs request with respect to count four.
STODOLINK, J.