[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDVM OF DECISION
The first count of the amended complaint alleges that the plaintiff, Paul D. Wolf, was employed by the defendant from October 3, 1993 to November 1, 1996. During the course of his employment, he observed a number of employment practices that violated state or federal laws. He complained to his supervisor, Peter Lebrun, about said violations and threatened to inform the appropriate authorities. As a direct result of these communications, the plaintiff's employment was terminated.
The defendant now moves to strike the first count of the amended complaint on the ground that the plaintiff's discharge did not contravene an important public policy. In Sheets v.Teddy's Frosted Foods. Inc., 179 Conn. 471 (1980), our Supreme Court "sanctioned a common law cause of action for wrongful discharge in situations in which the reason for the discharge involved impropriety . . . derived from some important violation of public policy." internal quotation marks omitted.) Faulkner v.United Technologies Corporation., 240 Conn. 576, 580-81 (1997).
In the present case, Wolf has alleged, inter alia, that he was terminated for refusing to install oil tanks in violation of state licensure laws. This allegation alone establishes that his discharge violated an important public policy. See Lagrow v.Protective Alarms. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 336703 9 CONN. L. RPTR. 209 (June 3, 1993, Hadden, J.). A primary purpose of state licensure requirements is to protect the public health and safety. SeeHartford Hospital v. Dept. of Consumer Protection,243 Conn. 709, 719-20, (1998). An employee should not have to choose between risking state sanction or jeopardizing his continued employment. See Sheets v. Teddy's Frosted Foods, Inc.,supra, 480; Lagrow v. Protective Alarms, Inc., supra. The court is satisfied that Wolf has sufficiently alleged that his termination contravened an important public policy.
The defendant also argues that count one should be stricken because the plaintiff has adequate statutory remedies. See Atkinsv. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (1985).[1]
According to the defendant, the following statutes provide the plaintiff with adequate statutory remedies: §§ 31-51m and31-51q of the General Statutes state and federal anti-discrimination statutes, OSHA, Connecticut's workers' compensation anti-retaliation statute, and federal and state wage and hour laws. The only statutes enumerated by the defendant that are even remotely applicable to CT Page 10375 the allegations concerning violations of state licensure laws are §§ 31-51m and 31-51q.[2] § 31-51m, however, does not provide an adequate remedy because the plaintiff did not allege that he reported the violations to a public body. See Kirchner v.Bicron Electronics Company, Superior Court, judicial district of Litchfield, Docket No. 067312 (May 4, 1995, Fineberg, J.) (14 CONN. L. RPTR. 236). In Addition, § 31-51q does not apply here because the allegations of count one indicate that the plaintiff's complaints interfered with the working relationship between himself and the defendant.[3] See Cotto v. UnitedTechnologies Corp. , 48 Conn. App. 618, 625-26 n. 10, cert. granted, 244 Conn. 915, (1998). Accordingly, the court concludes that the plaintiff does not have an adequate statutory remedy.
In light of the foregoing, the defendant's motion to strike count one of the plaintiff's amended complaint is denied.
Moraghan, J.