[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William Dunn, filed a five count complaint against his former employer, the defendant, Actmedia, Inc., alleging a violation of General Statutes §§ 31-71a, et seq., regarding failure to pay wages, wrongful termination of employment, breach of the implied covenant of good faith and fair dealing, breach of contract, and unjust enrichment. The plaintiff alleges the following facts. The plaintiff began his employment with the defendant on March 28, 1994. While employed as a senior account director, the plaintiff entered into a sales compensation agreement (the agreement) with the defendant. The agreement called for the plaintiff to receive a base salary and a commission on the actual gross margin revenue from each of the plaintiff's assigned accounts. The plaintiff alleges that after executing the agreement he secured a contract on behalf of the defendant with Kayser-Roth. The Kayser-Roth contract called for the defendant to provide services to Kayser-Roth for an indefinite period of time and the plaintiff alleges that he is entitled to a commission of the gross margin revenue that the defendant receives.
On September 4, 1997, the defendant terminated the plaintiff without cause. The plaintiff claims that the defendant has refused to pay him his commission on the Kayser-Roth account and other accounts prior and subsequent to his termination.
Under count one, the plaintiff alleges that the defendant's refusal to pay his commissions violates General Statutes §§ CT Page 1435731-71a et seq., relating to payment of wages. As to count two, wrongful termination, the plaintiff claims that the defendant terminated him in order to avoid payment of commissions rightfully due to him. As to count three, breach of the implied covenant of good faith and fair dealing, the plaintiff alleges that the defendant breached this implied covenant inherent in their agreement when it terminated him in order to avoid paying his commissions. As to count four, breach of contract, the plaintiff alleges that the defendant remains liable to him for commissions from the Kayser-Roth account and other accounts he secured while employed with the defendant. As to count five, unjust enrichment, the plaintiff alleges that the defendant receives approximately $7,000,000 per year in revenue from the Kayser-Roth contract, and it has and unjustly benefited and continues to do so by refusing to pay his commission, and its failure to pay is to the plaintiff's detriment.
The defendant now moves (#103) to strike counts two through five on the ground that none of the counts states a claim upon which relief may be granted. As to count two, the defendant contends that the plaintiff failed to allege that he is without an adequate statutory remedy. As to count three, according to the defendant, the plaintiff failed to allege that he was anything other than an at-will employee and failed to allege a violation of an important public policy and lack of a statutory remedy. As to count four, the defendant claims that the plaintiff failed to allege facts that would establish the existence of an enforceable contract and demonstrate that his employment was other than at will. As to count five, the defendant maintains that the plaintiff has a statutory remedy available. Also, the defendant asserts that counts two through five should be stricken because the plaintiff has a statutory remedy under count one.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied . . ." (Citations omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996).
The defendant argues with respect to count two that the CT Page 14358 plaintiff has an adequate statutory remedy and has not alleged any facts to the contrary, and therefore count two should be stricken. As to count three, the defendant contends that the plaintiff has failed to allege that his termination contravenes some important public policy, and that the plaintiff has an adequate statutory remedy, and therefore count three should also be stricken.
In opposition, the plaintiff asserts that both counts two and three fall within the exceptions to the general rule which requires an employee to avail himself of a statutory remedy if one should exist. Specifically, he argues that the statutory remedy is inadequate and that the public policy concerns implicated by the allegations in counts two and three are different from the ones that are addressed under the statute. The plaintiff contends that the prospective nature of the plaintiff's entitled commissions makes the statutory remedy inadequate. The plaintiff asserts that the wages covered under the statute most likely do not include commissions due to him over the entire period of the Kayser-Roth contract. Also, the plaintiff contends that if the prospective commissions over the entire period of the contract are not protected as wages under the statute, then this count addresses a public policy different from those addressed under the statute. Also, the plaintiff maintains that General Statutes § 31-71 et. seq. is not an employee's exclusive remedy. General Statutes § 31-72 provides for a civil action to collect unpaid wages.
"[T]he doctrine of wrongful discharge . . . provides a common law cause of action in tort for wrongful discharge if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis omitted; internal quotation marks omitted.) Tomlinson v. Board of Education,226 Conn. 704, 729, 629 A.2d 333 (1993). "The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated . . ." (Citation omitted; internal quotation marks omitted.) Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643,648, 501 A.2d 1223 (1985).
"Therefore, a cause of action in tort for wrongful CT Page 14359 termination or in contract for the breach of the covenant of good faith and fair dealing exist[s] only when a discharge violates public policy and the employee is otherwise without remedy . . ." (Brackets in original; citations omitted; internal quotation marks omitted.) Deura v. Greenwich Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140029 (April 10, 1995, D'Andrea, J.) (14 CONN. L. RPTR. 49). "Atkins should be interpreted to allow a common law claim for wrongful termination where no other adequate remedy exists." (emphasis added). Cantavero v. Horizon Meat SeafoodDistributors, Superior Court, judicial district of Stamford, Docket No. 152918 (April 22, 1997, Nadeau, J.) (19 CONN. L. RPTR. 333).[1]
As to counts two and three, the plaintiff alleges, inter alia, wrongful termination and breach of implied covenant of good faith and fair dealing. General Statutes § 31-72 provides, however, a statutory remedy that the plaintiff may pursue. "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . ." Also, General Statutes § 31-71a(3) defines "wages" as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece,commission or other basis of calculation." (Emphasis added.) See also Tianti v. William Raveis Real Estate, Inc., 231 Conn. 690,696, 651 A.2d 1286 (1995) (the term "wages" as defined by the statute includes "commission"). "This court has specifically acknowledged § 31-72 as a remedial statute for the collection of wages that provides penalties in order to deter employers from deferring wage payments once they have accrued . . ." (Citations omitted; internal quotation marks omitted.) Butler v. HartfordTechnical Institute, Inc., 243 Conn. 454, 463, 704 A.2d 222
(1997).
The plaintiff seeks his commissions under the alleged agreement as damages for wrongful termination and for the breach of the implied covenant of good faith and fair dealing. The compensation that the plaintiff is seeking clearly comes within the definition of wages as set forth under General Statutes § 31-71a. Therefore, the plaintiff has a statutory remedy available pursuant to § 31-72 and he may not seek tort and contract claims for wrongful termination and breach of implied CT Page 14360 convent of good faith and fair dealing. See Good v. GoodwayTechnologies Corp. , Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 325462 (September 27, 1996,Hartmere, J.) (plaintiff's wrongful discharge claim struck due to the availability of a statutory remedy under § 31-72).
Also, the plaintiff's argument asserting that his claims address a different public policy is not accepted. The subject agreement provides for commissions and that is what the plaintiff seeks. Commissions are clearly defined as wages under § 31-71a and the plaintiff's argument concerning their prospective nature does not change the fact that the commissions he seeks are indeed wages. Therefore, the defendant's motion to strike counts two and three is granted.
The defendant further argues that count four alleges the same facts as count one and therefore should be stricken. The defendant asserts that the agreement in question had expired prior to the plaintiff's termination, that the plaintiff has failed to allege the essential elements of an employment contract, and that the agreement was a sales agreement, not an employment contract. The defendant also asserts that count four should be stricken due to the availability of a statutory remedy for the plaintiff.
In opposition, the plaintiff argues that count four is based upon the defendant's breach of the agreement and does not allege the same facts as does count one. The plaintiff contends that the defendant is contractually obligated to pay the commissions to him. Also, the plaintiff asserts that the agreement was effective at the time of his termination and that the defendant's claim to the contrary is more appropriate for a motion for summary judgment.
As discussed above under counts two and three, the Appellate Court in Atkins v. Bridgeport Hydraulic Co., supra,5 Conn. App. 648, determined that employees who are discharged for reasons violative of public policy may seek a contract remedy only when no other adequate remedy exists. As to count four, the plaintiff seeks recovery of his commissions pursuant to the agreement with the defendant based upon a breach of contract claim. As discussed above, the plaintiff has an adequate statutory remedy available pursuant to General Statutes § 31-72, and therefore the motion to strike count four is granted. CT Page 14361
The defendant contends that count five should be stricken due to the availability of a statutory remedy. In opposition, the plaintiff contends that he has employed alternative pleading. "Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract . . . A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another . . ." (Citations omitted; internal quotation marks omitted.) HartfordWhalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276,282, 649 A.2d 518 (1994).
"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted [benefited], (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiff's detriment . . ." (Citation omitted; internal quotation marks omitted.) Hartford Whalers Hockey Club v. Uniroyal Goodrich TireCo., supra, 231 Conn. 283.
The plaintiff has alleged that the defendant has been unjustly enriched by refusing to pay his commissions and that the defendant's failure to pay is to the plaintiff's detriment. Based upon these allegations, the plaintiff has sufficiently pleaded the equitable cause of action of unjust enrichment. The defendant has not submitted any specific legal authority to support its motion to strike count five. Although the plaintiff's tort and contract claims under counts two, three, and four are legally insufficient due to the availability of a statutory remedy, theAtkins decision has not been enlarged to apply to an equitable claim such as unjust enrichment. See Good v. Goodway TechnologiesCorp. , supra, Superior Court, Docket No. 325462. The unjust enrichment claim asserted by the plaintiff provides an alternative claim should his other claims fail. Therefore, the defendant's motion to strike count five is denied:
So Ordered.
Dated at Stamford, Connecticut, this 14th day of December, 1998.
William B. Lewis, Judge
CT Page 14362