**John KENNEDY and Wesley Hadden, Plaintiffs,**

v.

**COCA–COLA BOTTLING COMPANY OF NEW YORK, INC., Defendant.**

No. 3:00CV0042(GLG).

United States District Court, D. Connecticut.

Oct. 29, 2001.

John Mark Silhavy, Robert W. Heagney, Gilman & Marks, East Hartford, CT, for plaintiffs.

Ursula L. Haerter, Jennifer Hamilton Lewis, Pepe & Hazard, Hartford, CT, Robert L. Keepnews, Pepe & Hazard, Southport, CT, J.Y. Elliott, III, John R. Bode, Miller & Martin, Chattanooga, TN, for defendant.

## *MEMORANDUM DECISION*

GOETTEL, District Judge.

This action is brought by two former employees of the Coca–Cola Bottling Company of New York, Inc., who were employed in the East Hartford, Connecticut Bottling Plant. Both claim that they were terminated in retaliation for raising complaints about drug and alcohol use at the plant, and one of the plaintiffs, John Kennedy, also alleges that he was terminated after he questioned the shipment of substandard product. Plaintiffs have each asserted three state-law claims against defendant: intentional infliction of emotional distress, violation of Conn. Gen.Stat. § 31–51q, and wrongful discharge in violation of public policy. Defendant has moved for summary judgment on all counts of plaintiffs' amended complaint [Doc. # 52]. For the following reasons, the motion is DENIED.[1]

As both parties observe, in ruling on a motion for summary judgment, the Court must resolve all ambiguities and draw all reasonable inferences in favor of plaintiffs, as the non-moving parties. "Thus, only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Def.'s Mem. at 11 (quoting *Ayn v. Runyon*, 984

---

1. In their opposition to defendant's motion for summary judgment, plaintiffs raise a number of discovery problems. These are matters that should have been addressed by discovery motions, Rule 37, Fed.R.Civ.P., and are not properly before the Court at this time. Therefore, the Court will not consider these discovery matters in ruling on the motion for summary judgment.

F.Supp. 80, 83 (D.Conn.1996), *aff'd,* 131 F.3d 130, 1997 WL 741370 (2d Cir.1997)). Additionally, as a federal court sitting in diversity, we apply the substantive law of the forum state, Connecticut, to plaintiffs' state-law claims. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Guided by these principles, when the evidence in this case is viewed in the light most favorable to the plaintiffs,[2] the Court finds genuine issues of material fact on each of plaintiffs' substantive claims.

## I. Intentional Infliction of Emotional Distress

Defendant argues that it is entitled to summary judgment on plaintiffs' intentional infliction of emotional distress counts for two reasons: neither plaintiff has presented evidence sufficient to show that defendant's conduct was extreme and outrageous, and neither plaintiff has shown that he suffered severe emotional distress. *See Petyan v. Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986) (setting forth elements of a cause of action for intentional infliction of emotional distress).

With respect to the first issue of whether defendant's conduct was extreme and outrageous, defendant correctly points out that it can only be held liable for intentional acts of an employee if the employee was acting within the scope of his employment and the acts were done in furtherance of the employer's business. *See Larsen Chelsey Realty Co. v. Larsen,* 232 Conn. 480, 500, 656 A.2d 1009, 1021 (1995). For *respondeat superior* to apply, the affairs of the employer, and not solely the affairs of the employee, must be furthered by the objectionable acts. *See Id.* at 501, 656 A.2d 1009, 1021. Ordinarily, the question of whether the employee's tort occurred within the scope of his employment and in furtherance of his master's business is to be determined by the finder of fact, but "there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." *A-G Foods, Inc. v. Pepperidge Farm, Inc.,* 216 Conn. 200, 207, 579 A.2d 69, 73 (1990).

This case is not "so clear-cut." In this case, plaintiff alleges more than mere inaction or acquiescence on the part of the employer. Plaintiffs have produced affidavits of management level employees, who testified under oath that they were encouraged to use harassment of employees as a motivational tool or as punishment; that management relied on certain co-workers to carry out acts of harassment, sabotage and damage to personal property; and that management encouraged, rather than discouraged, the conduct of which the plaintiffs complain. These sworn statements present a jury question as to whether the actions of plaintiffs' co-workers

---

**2.** Defendant has moved to strike certain "offending paragraphs" of the plaintiffs' affidavits [Doc. # 59] on the ground that they do not comply with the requirements of Rule 56(e), Fed.R.Civ.P. Defendant is correct that some of the paragraphs contain conclusory statements, statements of opinion, or arguments rather than statements of fact based upon personal knowledge. The Court has disregarded those paragraphs in rendering this opinion. The Court has also disregarded the unsworn doctors' letters offered by Kennedy to the extent that they have been offered to show the doctors' opinions concerning plaintiff's medical condition. *See Zarzycki v. United Technologies Corp.,* 30 F.Supp.2d 283, 290, n. 5 (D.Conn.1998). However, to the extent that they are offered by plaintiff as evidence of what he provided to his employer, they are proper exhibits to his affidavit. As to the one paragraph in Moustafa's affidavit that defendant challenges, although this is a broad, general statement, it is based upon personal knowledge and the Court will consider it.

were taken, at least in part, in furtherance of the employer's business.

■ Additionally, the Court finds that there is a genuine issue of material fact as to whether the actions directed at plaintiffs, when viewed collectively, rise to the level of extreme and outrageous conduct. Plaintiff Kennedy has produced evidence that he complained to various management level employees about extensive drug and alcohol use among plant employees, poor employee performance and safety concerns related thereto, drug sales on company premises, and the shipping of sub-standard product, with the expectation that these concerns would be addressed. Instead, these concerns were made known to some or all of the supervisors and employees involved, and thereafter, he was subjected to repeated incidents of harassment and retaliation including, *inter alia*, his tools disappeared, the paint on his new automobile was severely scratched on four occasions and a tire was cut, he and his family received threats of physical harm from management and co-workers, his work was repeatedly sabotaged, full cases of soda were thrown at him from overhead, and the brake line on his truck appears to have been cut, resulting in an automobile accident in which he sustained significant injuries. While on sick leave, Kennedy states that he was terminated. Whether Kennedy can ultimately prove that these acts were intentionally committed by defendant's employees and/or supervisors for the purpose of causing Kennedy severe emotional distress is an issue we need not resolve at this time. We find that plaintiff Kennedy has presented sufficient evidence to create a genuine issue of material fact as to whether defendant's conduct was extreme and outrageous.

Plaintiff Hadden's case is weaker. However, we conclude that the evidence, when viewed in its totality, presents a genuine issue of material fact as to whether defendant's conduct was extreme and outrageous. Hadden, like Kennedy, has produced evidence that after he raised concerns to management about drug and alcohol use within the plant, he was subjected to acts of sabotage and harassment, including his tools being stolen, equipment that he was working on being damaged, his receipt of threats of bodily harm, his job performance being unjustly and unfairly criticized, and finally he was terminated the day after he raised concerns about drug and alcohol use with the plant manager.

■ On the second issue of whether plaintiffs Kennedy and Hadden suffered severe emotional distress, we again find enough evidence in the record to raise genuine issues of material fact. Kennedy states in his affidavit that he was hospitalized for three days following the automobile accident, that he sustained a traumatic brain injury, and that he suffered emotional distress. Additionally, in his deposition, he testified that he suffered mental trauma, depression, that he doesn't feel comfortable in public, and that he was unable to return to work because of the physical and mental problems he experienced. (Pl.'s Dep. at 85–87.) At trial, Kennedy will have the burden of proving that these emotional problems were caused by the intentional acts of defendants. However, for purposes of this summary judgment motion, he has produced sufficient evidence to create a triable issue of fact as to whether his emotional distress was severe.

Again, Hadden's case is the weaker of the two, but he, too, has produced sufficient evidence to withstand defendant's summary judgment motion. Hadden states that he began grinding his teeth and suffered from sleeplessness from the intentional retaliation by defendant's employees directed against him. He states

that he experienced "terrible pain" in his teeth, jaw and head and was under "tremendous stress." Although these statements are rather conclusory, they are sufficient to withstand summary judgment.

## II. Conn. Gen.Stat. § 31–51q [3]

Defendants next seek summary judgment on plaintiffs' claims brought under Conn. Gen.Stat. § 31–51q on the grounds that plaintiffs' speech was not protected speech, and plaintiffs cannot demonstrate a causal connection between their terminations and any protected activity.

■ In order to demonstrate a violation of section 31–51q, a plaintiff must prove that: (1) he was exercising rights protected by the first amendment to the United States Constitution (or an equivalent provision of the Connecticut Constitution); (2) he was fired on account of his exercise of such rights; and (3) his exercise of his first amendment (or equivalent state constitutional rights) did not substantially or materially interfere with his bona fide job performance or with his working relationship with his employer. *Lowe v. Amerigas, Inc.,* 52 F.Supp.2d 349, 359 (D.Conn.1999), *aff'd,* 208 F.3d 203, 2000 WL 268570 (2d Cir.2000) (Table) (setting forth the elements of a section 31–51q claim); *Winik–Nystrup v. Manufacturers Life Ins. Co.,* 8 F.Supp.2d 157, 159 (D.Conn.1998) (same); *Williams v. Bayer Corp.,* 982 F.Supp. 120, 123 (D.Conn.1997)(same).

■ Defendant argues that the content of each plaintiff's speech was not constitutionally protected and, therefore, does not fall within the protections of this statute. To be protected by the first amendment, the plaintiff's speech must have been on a matter of public concern, and the plaintiff's interest in expressing himself on the particular matter must not have been outweighed by any injury the speech could cause to the employment relationship. *Cotto v. United Technologies Corp.,* 48 Conn.App. 618, 630, 711 A.2d 1180, *cert. granted in part,* 245 Conn. 915, 717 A.2d 233 (1998), *aff'd,* 251 Conn. 1, 738 A.2d 623 (1999).

■ Both Kennedy and Hadden claim that their speech concerning illegal drug use and sales in defendant's work place by employees and managers, as well as the attendant issues of workplace safety, was on a matter of public concern. We agree. These were not matters of purely private concern relating solely to the plaintiffs' employment. Rather, plaintiffs raised concerns regarding criminal activity in the workplace and safety issues that would affect the entire workplace and potentially the public. *See Lowe,* 52 F.Supp.2d at 359 (holding that an employee's complaints about the improper storage of a hazardous substance implicated matters of public concern and, thus, constituted protected speech); *Daley v. Aetna Life & Cas. Co.,* 249 Conn. 766, 777, 734 A.2d 112, 120 (1999) (holding that whether the subject matter of an employee's speech is a matter

**3.** Conn. Gen.Stat. § 31–51q, "Liability of employer for discipline or discharge of employee on account of employee's exercise of certain constitutional rights," provides:

Any employer ... who subjects any employee to discipline or discharge on account of the exercise by such employee of rights guaranteed by the first amendment to the United States Constitution or section 3, 4 or 14 of article first of the Constitution of the state, provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and the employer, shall be liable to such employee for damages caused by such discipline or discharge, including punitive damages, and for reasonable attorney's fees as part of the costs of any such action for damages....

of public concern is a question of law for the court); *Campbell v. Prince George's County,* No. Civ. A. AW–99–870, 2001 WL 21257, at *9 (D.Md. Jan 4, 2001) (speech touching on safety issues within a laboratory was on a matter of public concern); *DiMarco v. Rome & Murphy Mem'l Hosp.,* No. 88–CV–1258, 1991 WL 336000, at *8 (N.D.N.Y. July 1, 1991) (mem.op.) (complaints about patient care and efficient operation of the hospital were on matters of public concern).

■ As to whether Kennedy's speech concerning defendant's shipment of substandard product was on a matter of public concern is a closer issue. It is difficult to conceive of this being a matter of personal concern. On the other hand, if, as defendant argues, the only "defect" in the product was a slight deviation in sugar content, it is difficult to find that this was a matter of public concern. Plaintiff, however, asserts that the "defects" in the product were more significant and that defendant's actions violated "food safety laws." This is a matter that will have to be resolved at trial. *See Daley,* 249 Conn. at 777, 782, 734 A.2d at 120, 122 (whether a particular statement addresses a matter of public concern depends on its content, form, and the context in which it is made, and is a question for the jury). If, as plaintiff alleges, his speech concerned efforts by defendant to slip defective product by State inspectors in violation of food safely laws, that would be a matter of public concern. On the other hand, if plaintiff's speech only concerned a slight deviation in sugar levels of product, that would probably not rise to the level of public concern.

■ Defendant also seeks summary judgment on the ground that plaintiffs cannot demonstrate a causal connection between their terminations and any protected activity. We find issues of fact as to both employees. Kennedy states that, over the course of his employment with defendant, he was subjected to harassment and retaliatory actions because of his complaints to management about the drug and alcohol use. Additionally, the day after he spoke to management on this same issue as well as the shipment of defective product, his brake lines were cut, resulting in an automobile accident that rendered him unable to return to work. Nevertheless, he claims that he was fired some months later, before he had been released to return to work. A reasonable inference could be drawn that his discharge was in retaliation for his protected speech. Hadden again presents a weaker case, but at least raises an issue of fact in this regard due to the temporal proximity between his complaints to management about the drug use in the workplace and his termination. *See Gorman–Bakos v. Cornell Coop. Extension of Schenectady County,* 252 F.3d 545, 555 (2d Cir.2001); *Pascal v. Storage Tech. Corp.,* 152 F.Supp.2d 191, 212 (D.Conn.2001).

### III.   Wrongful Discharge

■ Plaintiffs have also asserted state common-law claims for wrongful discharge in violation of public policy, under the narrow exception to the general rule that employment is terminable at will recognized by the Connecticut Supreme Court in *Sheets v. Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980). Defendant argues that these counts should be dismissed because plaintiffs have adequate statutory remedies available to them, and they have failed to demonstrate that they were fired in violation of public policy. We have already addressed the latter argument.

This Court has dismissed other wrongful discharge claims bought under the auspices of the *Sheets* case because the plaintiff had other statutory remedies available.

See, e.g., *Dallaire v. Litchfield County Ass'n for Retarded Citizens, Inc.,* No. 3:00CV01144(GLG), 2001 WL 237213 (D.Conn. Feb.12, 2001); *see also Atkins v. Bridgeport Hydraulic Co.,* 5 Conn.App. 643, 648, 501 A.2d 1223, 1226 (1985). Generally, however, those cases have involved claims where the only public policy allegedly violated was the very statute under which another claim had been raised. In this case, however, plaintiffs have also asserted that defendant's termination of their employment violated the Connecticut Food, Drug and Cosmetic Act (similar to the plaintiff in *Sheets*), the Federal and State Occupational Health and Safety Acts, the public policy embodied in the Connecticut Whistleblower Act, Conn. Gen.Stat. § 31–51m, and the Federal Drug–Free Workplace Act. Although plaintiffs have asserted statutory claims under Conn. Gen.Stat. § 31–51q, those claims do not embrace all of the public policy arguments raised in their wrongful discharge counts. Accordingly, summary judgment is denied on this ground.

### Conclusion

For the foregoing reasons, defendant's motion for summary judgment is DE-NIED.

SO ORDERED.