[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION TO STRIKE (#101)
By way of their complaint, dated November 13, 1997, the plaintiffs, Tammy Menard and Everett Menard, allege that Tammy Menard, sustained a work related injury while in the normal course of her employment at People's Bank. Tammy Menard filed a notice of claim for compensation with the Worker's Compensation Commission on July 8, 1997. The defendant employer terminated Tammy Menard's employment on July 10, 1997, upon defendant's belief that Tammy Menard filed an unsubstantiated Worker's Compensation claim. The plaintiffs further allege that defendant terminated her employment because she filed a Worker's Compensation claim. Lastly, as a result of the defendant's wrongful termination, the plaintiffs allege they have suffered financial and emotional injuries.
The plaintiffs' seven count complaint alleges the following claims: Wrongful termination (Count I); Breach of Implied Covenants (Count II); Violation of C.G.S. § 31-290a
(Count III); Connecticut Unfair Practice (Count IV); Negligent Infliction of Emotional Distress (Count V); Negligent Investigation (Count VI); and Loss of Consortium (Count VII).
On December 30, 1997, the defendant filed a motion to strike counts one, two, four, five, six, and seven of the plaintiffs complaint. The defendant also filed an accompanying memorandum of law and supporting case law. On February 5, 1998, the plaintiff filed an objection to the defendant's motion to strike and an accompanying memorandum in opposition and supporting case law. CT Page 4929
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs] have stated a legally sufficient cause of action." Dodd v.Middlesex Mutual Assurance Company, 242 Conn. 375, 378,698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v.United Technologies Corp. , supra, 240 Conn. 580. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiffs do not object to the defendant's motion to strike counts two and four of the complaint and the court therefore grants the motion to strike as to those counts. Accordingly, counts one, five, six and seven remain for this court's review. The motion to strike is not addressed to count three, the statutory cause of action.
A. Count One: Wrongful Termination
Count one of the plaintiffs' complaint alleges that the defendant fired Tammy Menard because she filed a worker's compensation claim and that such conduct constitutes wrongful termination. The defendant argues that count one should be stricken because the plaintiffs are seeking to invoke the tort of wrongful discharge in violation of public policy and that the plaintiff's proper remedy is General Statutes § 31-290a. The plaintiffs argue that they should not be bound to only the cause of action set forth in General Statutes § 31-290a.
The traditional rule in Connecticut governing employment at will contracts of permanent employment, or employment for an indefinite term, is that such contracts are terminable at the will of either party without regard to cause. Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 117-18, 544 A.2d 170
(1988); Magnan v. Anaconda Industries, Inc., 193 Conn. 558,562-63, 479 A.2d 781 (1984); Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, 474, 427 A.2d 385 (1980). The doctrine of CT Page 4930 wrongful discharge is a narrow exception to this rule.D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 211 n. 1, 520 A.2d 217 (1987); Sheets v. Teddy'sFrosted Foods, Inc., supra, 179 Conn. 471.
Connecticut case law provides that an at will employee who is discharged may be able to recover for wrongful discharge if her termination violates public policy. In Sheets, the supreme court carved out an exception to the traditional rule of at will employment for cases in which "the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of, public policy." (Emphasis in original.) Sheets v. Teddy'sFrosted Foods, Inc., supra, 179 Conn. 475.
However, where the discharged employee has an adequate remedy through which to redress wrongful conduct on the part of an employer, such conduct will not support a cause of action in wrongful discharge. See Atkins v. Bridgeport HydraulicCompany, 5 Conn. App. 643, 648, 501 A.2d 1223 (1985). "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Internal quotation marks omitted.) Atkins v.Bridgeport Hydraulic Co., supra, 5 Conn. App. 648.
Numerous trial courts have likewise held that the existence of a statutory remedy bars a common law claim for wrongful discharge.[1] Several superior court decisions, however, decline to strike claims for wrongful discharge where the court determines that the statutory remedy is inadequate.[2]
In the present case, the plaintiffs allege that the defendant's termination of Tammy Menard violates General Statutes § 31-290a.[3] General Statutes § 31-290a provides an adequate remedy for an employee who is terminated in retaliation for filing a workers' compensation claim. Section 31-290a permits a prevailing employee to recover all damages caused by such termination, including punitive damages, and also attorney's fees. See Ford v. Blue Cross and Blue Shield
CT Page 4931of Connecticut, Inc., 216 Conn. 40, 578 A.2d 1054 (1990); see also Bridgeport Hospital v. Com. on Human Rights Opp. ,232 Conn. 91, 113-14 n. 20, 653 A.2d 782 (1995). Therefore, the plaintiffs may not bring a cause of action for wrongful discharge. Atkins v. Bridgeport Hydraulic Co., supra,5 Conn. App. 648.
Accordingly, the defendant's motion to strike count one of the plaintiffs' complaint is granted.
B. Count Five: Negligent Infliction of Emotional Distress
The defendant first argues that count five, like count one, should be stricken because count three, brought pursuant to General Statutes § 31-290a provides complete relief for all damages including those resulting from negligent infliction of emotional distress. The court is not persuaded by this argument since the plaintiffs cannot recover damages for negligent infliction of emotional distress until they properly plead and prove the additional elements of that cause of action, beyond the elements of the statutory action of General Statutes § 31-290a.
The defendant also argues that count five should be stricken because the plaintiffs did not plead unreasonable conduct by the employer or any facts pertaining to the termination process, as required, to state a legally sufficient cause of action for negligent infliction of emotional distress. The plaintiffs argue that they have made allegations that the defendant acted unreasonably in its alleged failure to properly investigate the circumstances of the plaintiff Tammy Menard's filing of the worker's compensation claim, and that the defendant knew or should have known that such conduct could lead to infliction of emotional distress.
"[I]n order to state . . . a claim [for negligent infliction of emotional distress], the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.)Parsons v. United Technologies Corp. , 243 Conn. 66, 88,700 A.2d 655 (1997). "[N]egligent infliction of emotional distress in the employment context arises only where it is based uponunreasonable conduct of the defendant in the termination
CT Page 4932process. . . . The mere termination of employment, even where it is wrongful, is therefore, not, by itself, enough to sustain a claim for negligent infliction of emotional distress." (Emphasis added; citations omitted; internal quotation marks omitted.) Id., 88-89.
"The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Internal quotation marks omitted.) Id., 89. "Rather, a complaint must allege more, for instance, that the actual termination was `. . . done in an inconsiderate, humiliating, or embarrassing manner." Skierkowski v. CreativeGraphics Service, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 046324 (May 5, 1995) (Handy, J.), quoting Leiniar v. CS Distributors, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516354 (January 21, 1994) (Corradino, J.).
In the present case, the plaintiffs fail to allege any facts which indicate that the process and manner in which the plaintiff was terminated was unreasonable, embarrassing, or humiliating. The plaintiffs' argument that the defendant acted unreasonably in its alleged failure to properly investigate the circumstances of Tammy Menard's worker's compensation claim does not speak to the manner in which Tammy Menard was fired.
Further, although the plaintiffs allege that the defendant s conduct was "extreme and outrageous," the plaintiffs do not plead any facts in support of that legal conclusion. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., supra, 224 Conn. 215.
Accordingly, the defendant's motion to strike count five of the complaint is granted since the plaintiffs fail to state a legally sufficient cause of action for negligent infliction of emotional distress.
E. Count Six: Negligent Investigation
The defendant argues that count six of the plaintiffs complaint should be stricken because negligent investigation is not a recognized cause of action in Connecticut. The defendant CT Page 4933 argues that since the plaintiffs did not plead any facts indicating that Tammy Menard was anything other than an employee at will, the defendant did not have an obligation to investigate the circumstances leading to her termination. The plaintiff argues that negligent investigation is a viable cause of action under the proper circumstances.
Our Supreme Court has held that an employer's negligent investigation of alleged misconduct of an at will employee is not a violation of public policy for purposes of bringing an action for wrongful discharge. Morris v. Hartford Courant Co.,200 Conn. 676, 681, 513 A.2d 66 (1986). See also Deura v.Greenwich Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 140029, 14 CONN. L. RPTR. 49
(April 10, 1995) (D'Andrea, J.). Further, absent an allegation of facts that indicate an employment relationship other than an at will employment relationship, an employer does not have an obligation to investigate alleged misconduct. Rood v. Canteen Corp. , Superior Court, judicial district of Tolland at Rockville, Docket No. 058263, 17 CONN. L. RPTR. 609 (September 19, 1996) (Potter, J.);Pace v. Bristol Hospital, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 461146, 13 CONN. L. RPTR. 73
(November 4, 1994) (Handy, J.); Daley v. Aetna Life Casualty, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533693 (August 3, 1994) (Sheldon, J.).
The plaintiffs have alleged no facts indicating that Tammy Menard's employment relationship with the defendant was other than an employment at will relationship. Accordingly, the defendant's motion to strike count six of the plaintiff's complaint is granted.
F. Count Seven: Loss of Consortium
Since count five of the plaintiff's complaint, alleging negligent infliction of emotional distress, has been stricken, the plaintiffs cannot bring a claim for loss of consortium because Everett Menard's loss of consortium claim, if it is valid at all, can only be valid if derivative of Tammy Menard's claim for negligent infliction of emotional distress. See Lynnv. Haybuster Mfg., Inc., 226 Conn. 282, 229 n. 7, 627 A.2d 1288
(1993); Sanzone v. Board of Police Commissioners,219 Conn. 179, 199 (1991);
Accordingly, the defendant's motion to strike count seven CT Page 4934 is granted.
In summary, the defendant's motion to strike counts one, two, four, five, six and seven is granted.
KOLETSKY, J.