[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jennifer Grady, filed a two count complaint against the defendant, Patrick Guerin. The first count of the complaint sounds in a violation of the "public policy" embodied in General Statutes § 46a-60 (a)(7) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k).[1] The second count alleges a violation of the "duty of good faith and fair dealing."
The plaintiff alleges in her complaint that she was employed by the defendant to provide day care services in the defendant's home between November of 1996 and February 4, 1997. The plaintiff further alleges that on February 3, 1997, she informed the defendant that she was pregnant and that the defendant terminated her employment on February 4, 1997. The plaintiff states in her complaint that her pregnancy "was a substantive factor which led the defendant to terminate [her] employment."
The defendant has filed a motion (#105) to strike both counts of the complaint on the ground that the plaintiff "fails to state a claim upon which relief can be granted."[2] Specifically, the defendant argues that the plaintiff's "allegations do not satisfy the standards necessary for bringing [a] claim within the public policy exception to the employee-at-will doctrine."
A motion to strike is the proper procedural vehicle to use in order "to test whether Connecticut is ready to recognize some newly emerging ground of liability." Estate of Aldo v. Guardiani,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052203 (March 16, 1996, Skolnick, J.) (16 Conn. L. Rptr. 466, 467).
The court begins its analysis by noting that "the public policy exception to the general rule allowing unfettered CT Page 4958 termination of an at-will employment relationship is a narrow one that is only to be invoked when the reason for [the employee's] discharge . . . involves impropriety derived from some important violation of a public policy. . . . [C]ourts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation. . . . Nevertheless, when there is a relevant state statute [the court] should not ignore the statement of public policy that it represents." Parsons v. UnitedTechnologies Corporation, 243 Conn. 66, 79, 700 A.2d 655 (1997).
The public policy involved in the present case is represented by a statement found in General Statutes § 46a-60 (a)(7): "It shall be a discriminatory practice in violation of this section . . . [f]or an employer, by himself or his agent . . . [t]o terminate a woman's employment because of her pregnancy[.]"
"A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648, 501 A.2d 1223 (1985).
The defendant argues that General Statutes § 46a-60
(a)(7) of the Connecticut Fair Employment Practices Act (CFEPA) and Title VII of the Civil Rights Act of 1964 both provide the plaintiff with an adequate means of recovery. Therefore, according to the defendant, the plaintiff cannot maintain a common law cause of action.
General Statutes § 46a-51 (10) defines an employer under the act as "any person or employer with three or more persons in his employ[.]" 42 U.S.C. § 2000e(b) defines an employer for purposes of Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." Therefore, if the plaintiff has alleged that the defendant has more than three employees (the lesser of the two statutes), the plaintiff has a remedy with CFEPA and she cannot maintain a common law cause of action.
In the present case, the plaintiff does not allege in her CT Page 4959 complaint the number of persons in the defendant's employ. The plaintiff implies in her memorandum that the defendant has fewer than three employees. Nevertheless, when deciding a motion to strike, the court is limited "to a consideration of the facts alleged in the [subject pleading]." Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds,236 Conn. 845, 675 A.2d 835 (1996); see also Cavallo v. Derby SavingsBank, 188 Conn. 281, 285-86, 449 A.2d 986 (1982).
The court is satisfied that a common law cause of action exists against an employer for discrimination based on pregnancy provided that no statutory cause of action exists. In the present case, however, the plaintiff's complaint is legally insufficient to maintain such a common law cause of action without an allegation that the defendant employs fewer than three persons. The motion to strike both counts of the complaint, therefore, is granted.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of April, 1998
WILLIAM BURKE LEWIS, JUDGE