[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Stella Chertkova, (Chertkova), filed a one count wrongful discharge complaint against the defendant, Connecticut Specialty, Orion Capital Corporation (Orion), in February, 1998, in state court. This complaint arises out of alleged acts by the defendant relating to the discharge of the plaintiff a corporate employee. The uncontested facts are as follows:
The plaintiff was hired as an employee of the defendant to work as a computer software engineer on July 21, 1997. She was an employee at will, without a written contract or a definite term of employment. Orion maintained various benefit plans for employees, including medical benefits, short-term disability and long-term disability. The disability plans were not effective until 120 days of employment was achieved. The benefit plans are governed by Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (ERISA).
During her employ, the plaintiff learned she had cancer. Also during her employ she pursued an unrelated discrimination suit against a former employer, CIGNA. On October 30, 1997, within a week after communicating the fact of her having cancer to the defendant, and within three weeks after Chertkova received a telefax at work concerning her suit against CIGNA, Chertkova was fired. The plaintiff CT Page 5015 alleges the defendant terminated her to avoid its ERISA obligations under its medical and disability plans and/or because of her prior discrimination suit against CIGNA. Accordingly, Chertkova claims that her discharge violated public policy. The defendant claims that the plaintiff was fired due to concerns about the plaintiff's lack of teamwork and her disharmony with her co-workers.
As a result of this termination, the plaintiff has also filed two separate complaints against the defendant Orion in the United States District Court for the District of Connecticut claiming violation of ERISA in one[1] and violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12201 et seq. (ADA), and General Statutes §46a-58 et. seq. (CFEPA)[2] in the other.[3] Those complaints, fairly read, allege the same conduct as is raised in this state case.
In this case, the defendant pleads in its special defenses, inter alia, that the plaintiff's common law cause of action is preempted by ERISA and that the plaintiff's wrongful discharge claim is barred because she has, and in fact is pursuing, statutory remedies available under state and federal law. The defendant now moves for summary judgment on each of those two bases: (1) that the plaintiff's claim for wrongful discharge is preempted by ERISA; and (2) that the plaintiff's claim for wrongful discharge is barred because she has statutory remedies available under state and federal law. Orion has raised each of these claims unsuccessfully in a previous motion to strike.[4]
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
"A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation CT Page 5016 marks omitted.) Miles v. Foley, 54 Conn. App. 645, 649, 736 A.2d 180, cert. granted, 251 Conn. 925, ___ A.2d ___ (1999). A motion for summary judgment may be considered even where it raises issues previously considered in a motion to strike. See Breen v. Phelps,186 Conn. 86, 101, 439 A.2d 1066 (1982).
As to The Claimed Erisa Preemption
The defendant moves for summary judgment on the ground that the plaintiff's claim for wrongful discharge is preempted by ERISA. The plaintiff, in opposition, claims that the court, Robinson, J.,
previously ruled on the issue of ERISA preemption in its memorandum of decision when it denied the defendant's motion to strike the wrongful discharge claim, and that this court should not disturb the prior ruling.[5]
"`Law of the case' is the controlling legal rule of decision, as established by a previous decision, between the same parties in the same case. . . . It is a rule of practice and not a principle of substantive law." (Citations omitted.) Vestuti v. Burns, Superior Court, judicial district of New Haven, Docket No. 274390 (August 5, 1992, Hadden, J.). "The law of the case . . . expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power." (Internal quotation marks omitted.)Suffield Bank v. Berman, 228 Conn. 766, 774, 639 A.2d 1033 (1994). "New pleadings intended to raise again a question of law which has already been presented on the record and determined adversely to the pleader are not to be favored. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Citations omitted; internal quotation marks omitted.) Westbrook v. Savin Rock Condominium Assn.Inc., 50 Conn. App. 236, 240-41, 717 A.2d 789 (1998).
Judge Robinson denied the defendant's motion to strike on this very same ground, after a detailed and thorough analysis of the legal issues presented. The defendant fails to show any substantial change in this case or in the relevant caselaw since that earlier ruling. Under such circumstances, this court will not adopt a position contrary to the earlier ruling in this case on the same issue. This court adopts the earlier reasoning of the court, Robinson, J., and finds that the plaintiff's common law claims are not preempted by ERISA.
The Wrongful Discharge Claim Is Barred
The defendant also moves for summary judgment on the ground that CT Page 5017 the plaintiff's claim for wrongful discharge is barred because the plaintiff has statutory remedies available under state and federal law and the plaintiff is in fact pursuing these remedies in federal court. Specifically, the defendant claims that the plaintiff cannot pursue a wrongful discharge claim where a specific remedy is provided by statute. The defendant argues that the mere existence of statutory remedies is sufficient to preclude the plaintiff's common law wrongful discharge claim, regardless of whether or not the plaintiff avails herself of them. Here the plaintiff has availed herself of her statutory remedies against the defendant in federal court.
In her successful opposition to the defendant's motion to strike, the plaintiff argued that the statutory remedies she is pursuing in federal court are inadequate to redress all of her claimed losses. In opposition to this motion the plaintiff also relies on the law of the case.
The general rule in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." (Internal quotation marks omitted.) Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 118, 544 A.2d 170 (1988). The doctrine of wrongful discharge, a narrow exception to the general rule, permits holding an employer liable for discharging an at will employee "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980). "[W]e note our adherence to the principle that the public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one. . . . We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." (Citation omitted; internal quotation marks omitted.) Parsons v. United Technologies Corp.,243 Conn. 66, 79, 700 A.2d 655 (1997).
The Appellate Court limited the circumstances under which an employee can bring a common-law cause of action for wrongful discharge, stating that "[a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwisewithout remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Emphasis added; internal quotation marks omitted.) Atkins v. BridgeportCT Page 5018Hydraulic Co., 5 Conn. App. 643, 648, 501 A.2d 1223 (1985).
More recently, the Appellate Court held that an office manager in a dental office alleging that she had been terminated for reporting the unsanitary and unhealthy practices of her employers to the Occupational Safety and Health Administration (OSHA) and the state dental association could not maintain a claim for wrongful discharge because "OSHA provides a remedy for employees that claim retaliatory termination. . . ." Burnham v. Karl Gelb, P.C., 50 Conn. App. 385,395-96, 717 A.2d 811 (1998), aff'd, 252 Conn. 153, 164-65, ___ A.2d ___ (2000). Relying on the holding in Atkins v.Bridgeport HydraulicCo., supra, 5 Conn. App. 643, the Appellate Court concluded "that the existence of a statutory remedy under OSHA precludes the plaintiff's public policy wrongful discharge claim. . . ." Burnham v. Karl Gelb, P.C., supra, 50 Conn. App. 396.
Although this ground for summary judgment has also been previously considered by the court, Robinson, J., in deciding the defendant's motion to strike, "[a] judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . One judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." (Internal quotation marks omitted.) LindenCondominium Assn., Inc. v. McKenna, 247 Conn. 575, 597 n. 9,726 A.2d 502 (1999). In marked contrast to the question of ERISA preemption, since Judge Robinson's decision on this issue our Supreme Court has issued a decision; Burnham v. Karl Gelb, P.C.,252 Conn. 153, ___ A.2d ___ (2000); which clarifies the preclusion of common-law wrongful discharge claims by statutory remedies. At the time of Judge Robinson's ruling, this issue had produced conflicting lines of Superior Court decisions, without the benefit of clarification by the Supreme Court.
In light of this new case, the court reexamines the defendant's alternative ground for summary judgment. Any debate about whether a plaintiff may pursue a common-law wrongful discharge cause of action because the statutory remedy fails to provide an equivalent remedy to that permitted by a common-law wrongful discharge cause of action was recently resolved by our Supreme Court. See Burnham v. Karl Gelb,P.C., supra, 252 Conn. 153. The Court stated "[w]e agree that the plaintiff's statutory remedy . . . is not equivalent to a common-law cause of action for wrongful discharge. There is nothing in Atkins v.Bridgeport Hydraulic Co. . . . however, to suggest that a statutory CT Page 5019 remedy must be equivalent to a potential common-law cause of action for wrongful termination in order for the common-law cause of action to be precluded." (Citation omitted.) Burnham v. Karl Gelb, P.C.,
supra, 252 Conn. 164-65. The Court stressed the language in Atkins,
supra, 5 Conn. App. 648 that an employee in a wrongful discharge case must be "otherwise without remedy." Our Supreme Court noted that "in interpreting the public policy exception, sound policy dictates that the statutory remedial scheme be adhered to since we can presume that the legislature would have provided additional relief in the statute if it thought it necessary." (Internal quotation marks omitted.)Burnham v, Karl Gelb, P.C., supra, 165. The Court further cited toHunt v. Prior, 236 Conn. 421, 434, 673 A.2d 514 (1996), in stating that "[i]t is not the plaintiff's preference for a particular remedy that determines whether the remedy . . . is adequate . . . and an administrative remedy, in order to be adequate, need not comport with the [plaintiff's] opinion of what a perfect remedy would be." (Internal quotation marks omitted.) Burnham v. Karl Gelb, P.C., supra, 165.
Therefore, in light of the recent Supreme Court decision of Burnhamv. Karl Gelb, P.C., supra, and the uncontroverted fact that plaintiff has state and federal statutory remedies available to her, and is pursuing such in federal court, this court finds the plaintiff's commonlaw wrongful discharge claim is barred. The defendant's motion for summary judgment is granted.
GRAHAM, JUDGE.